## BOLSTER, Executor, *vs.* CUMMINGS.

In trover for certain promissory notes, where the title, and not the value, was the only subject of controversy, the jury, being sent out late in the evening, with permission to separate after agreeing and sealing up their verdict, did so, and returned a verdict the next morning for the plaintiff, with the amount of damages in blank ; the foreman observing that they had some doubt as to the time from which interest should be computed, and that some supposed this would be done by the court; whereupon, by direction of the Judge, they retired again, and returned a new verdict for the amount of the notes and interest; and it was held well.

THIS was an action of trover for certain promissory notes, which had been delivered to the defendant by the plaintiff's testator, who was the grandfather of the defendant's wife. At the trial no question was raised respecting the value of the notes, most of which were signed by the defendant himself, as surety for the principal debtor ; but the point in controversy to the jury, was, whether they were delivered to him as a gift, or were deposited with him for collection, he having been the favorite agent of the testator. To this point there was much evidence on both sides. The cause was committed to the jury at a late hour in the evening, by *Parris J.* who instructed them, with the consent of the parties, that after having agreed upon their verdict they might seal it up, and separate for the night, bringing it in at the opening of the court the next morning. This having been done, it appeared, on opening the verdict in court, that they had found for the plaintiff, but had left a blank for the amount of damages ; and the foreman, being asked by the Judge, said that "they were all of opinion that the defendant was answerable for the amount of the notes and interest ; but that as there was some doubt respecting the form, and the time from which interest was to be cast on the notes, they not being certain of the time to which interest was last

paid, they concluded to omit the calculation of damages, and separate ; some of the jury thinking that the court would cast the interest, and give them the form of a verdict." The judge thereupon directed them to retire and ascertain the damages, which they did ; returning a verdict for the plaintiff for the amount of the notes and interest ; and the question whether judgment ought to be rendered on this verdict, was reserved for the consideration of the court, the defendant having moved that it should be set aside.

*J. Holmes* and *N. Emery*, for the defendant, contended that no verdict was found till after the jury had separated and assembled again ; for the first paper did not conatin all that was in issue, the most material part, the damages, being omitted. *Co. Lit.* 227 ; *Cro. Eliz.* 133. It is a defect which cannot be supplied. 10. *Co.* 118, 119 ; *Rol. Abr.* 272 ; *Jackson v. Wilkinson*, 2 *D. & E.* 281. It was the duty of the court to have kept the jury together till they had agreed in finding the whole matter in issue ; or to have discharged them from the cause, for inability to agree. But here they separated without such leave ; and afterwards found the damages. Yet it was not upon a new panel ; nor upon a rehearing. It was another jury, to all legal intents, without evidence, or hearing of parties.

They further strongly insisted that the court had no right to inquire at this time how this irregularity happened ; that the panel was dissolved before the foreman was interrogated ; that so far from having considered the damages, some of the jury did not know it was their duty to ascertain them ; that the principles on which the damages should be computed were not settled before they separated ; and that to admit the principle advocated on the side of the plaintiff would destroy the purity and of course the value of trials by jury, and produce innumerable mischiefs.

*Greenleaf* and *Deblois* for the plaintiff.

Mellen C. J. delivered the opinion of the Court at the ensuing *May* term in *Lincoln*.

By the report of the judge it appears that the jury, before their separation, agreed that the plaintiff was entitled to recover the amount

Bolster, Executor, *v.* Cummings.

of the notes in question, and the interest due upon them ; and such was the statement made by their foreman before the verdict was affirmed, though the verdict which was signed and returned, specified nothing in respect to the amount of damages. From the language of that verdict nothing appears to have been decided but the plaintiff"s right to recover some amount in damages ; and the question before us is whether the proceedings of the judge, in the inquiries made of the jury, and the foreman's explanations, and the consequent affirmance of the verdict, were erroneous or correct. The real intentions of the jury are not to be mistaken ; and the reasons why the verdict was not completed in the usual form, were frankly given. No improper motives are imputed to any one. The only question agitated before the jury was a question of property ; or, in other words, the inquiry, to which both parties directed their testimony and arguments, was whether the defendant was the owner of the notes described in the writ ; or whether they were the property of the testator at the time of his decease ; and this important question the jury decided against the defendant. Had the defendant considered that there was any other fact requiring the decision of the jury, he had ample opportunity to present it to them, and direct his proofs and arguments accordingly ; but not having done or requested any thing of this nature, it is a tacit acknowledgment that there was no such fact, and the amount of damages was a consequence of the finding of the question of property in favor of the plaintiff. In this view of the subject, the argument of the defendant's counsel respecting the importance and sacredness of a trial by jury and the danger of jeoparding or destroying that right by overruling the present motion for a new trial, seems to lose much of its force, if not all of it. Suppose that in an action on a promissory note the only defence relied on is, that the defendant never signed the note ; and the jury should return a verdict in these words, " the jury find for the plaintiff ;" would it be deemed an encroachment upon the province of the jury, for the court to direct their clerk to calculate the interest on the note and prepare a verdict in form, with damages equal to the amount due on the note ? We apprehend not. Such a course is often adopted and no one thinks of objecting. Indeed the circumstances under

Bolster, Executor, *v.* Cummings.

which verdicts are affirmed, are considered as in a measure within the sound discretion of the court, in cases where the estimate of damages is, as it were, a matter of course. It is true that in actions sounding in damages, and where the amount of damages is the principal subject of consideration for the jury, as in actions of trespass of various kinds, actions for libels, or for the speaking of defamatory words; or monies had and received, or on account, or actions of covenant, the omission to calculate and agree on the damages before the jury separate, would be considered as fatal to the verdict; this point is not contested by any one. The case before us we consider of a very different character. It was admitted in the argument that all the notes, but one small one, were signed by the defendant as surety, and that he is a man of property; of course, the question of value was not mentioned at the trial; and, for this reason, we are to conclude that the damages which the plaintiff would be entitled to recover, if any thing, was understood, and admitted to be, the amount of principal and interest due on the notes. And for such sum the verdict was affirmed. Substantial justice has been done; contested facts have been settled; and the assessment of damages was therefore a mere matter of course. The cause of truth and justice can never be advanced by giving more importance to form than substance. We are all of opinion that there ought to be

*Judgment on the verdict.*