## EBENEZER W. BLAKE *vs.* ALDEN BLOSSOM.

Where depositions are taken out of the State by persons duly authorized, they may be admitted in civil actions, or rejected, at the discretion of the Court, although the mode of taking may vary from our forms.

In an action of trespass for taking goods, where the defence was, that the goods were attached as the property of a third person, and where the jury found a verdict for the plaintiff for " the full value of the goods attached and interest from the time they were so attached to the present time," and then separated, and afterwards in open court ascertained the amount, and inserted it in their verdict, a new trial was not granted.

THIS was an action of trespass for taking the plaintiff's goods. With the general issue, the defendant filed a brief statement, setting forth, that he was sheriff of the county, and that *McMillan*, one of his deputies, attached the goods on several writs against one *Kilgore*, and that the same were then *Kilgore's* property. The description of the goods in the brief statement was, "so much of the goods and chattels in the plaintiff's declaration mentioned, as are specified in the schedule annexed, being seven pages, marked A, B, C, D, E, F, G, as the property of said *Kilgore*." The return of the deputy on the writs of the attachment of the goods was merely thus: " By virtue of this writ I have attached the goods in the store recently occupied by *E. C. Kilgore*, valued at nine hundred

dollars." There was no reference to any schedule, but there was a charge for taking an account of the goods. The trial was before EMERY J. and came before the Court on a motion of the defendant's counsel for a new trial, and on exceptions by the same counsel. There was a report of facts by the Judge, pertinent to the motion for a new trial. From the *exceptions* it appears, that several depositions taken in the State of *New-Hampshire* were offered by the plaintiff, and objected to by the defendant, " as insufficient, because it does not appear, that the deponents were first sworn, before giving their said depositions, which objection was overruled by the Judge who presided, and the depositions were admitted, and submitted to the jury." The caption of the deposition states that, " Then the within named A. G., after due caution and careful examination, made oath, that the within deposition by him subscribed contains the whole truth and nothing but the truth ;" and that the defendant was present and did not object. From the report of the Judge it appears, that on the trial certain schedules were used by the defendant, and asserted to be descriptive of the articles taken on the writs of attachment under which the defendant justified, and that the return of the officer stated the value of the goods to be $900. " The jury were directed by the Court to agree, if they could, on the amount of the damages, and make out and sign their verdict, and hand it into Court in the morning, but that they need not trouble themselves to reduce it to form, and that this could be done in Court. And the parties, after the charge of the Court, were respectively requested to deliver the papers used in evidence to the jury, which was said to have been done. After the jury had agreed upon their verdict, they sealed up their verdict, separated, and handed it into Court the next morning, as set forth in the defendant's motion for setting aside the verdict. The foreman on handing in the verdict stated, that one leaf of the schedule, marked G, was not handed to the jury. That paper had been produced on the trial, by the defendant's counsel. Search was made by all the counsel for both parties for the paper, but it could not be found. Whereupon in open Court the jury took a verdict, reduced to form in Court, based on $900 as the measure of value of goods returned, taken by defendant's deputy on those writs, and interest calculated thereon, amounting to one thousand and fifty dollars,

examined, agreed thereto, signed the same, and it was duly affirmed, the defendant objecting." The verdict agreed on by the jury before they separated, was in these words. " The jury have agreed to a verdict in favor of the plaintiff, that he shall have the full value of all the goods attached, and interest from the time they were so attached to the present time. Attest, *John Leavitt,* foreman." The motion for a new trial recited the verdict first given in ; the verdict affirmed ; the principal facts stated in the report ; and concluded by moving, that the verdict be set aside, and a new trial granted, because the same was rendered and affirmed irregularly and illegally. At the argument of the motion for a new trial, it was shown, without objection, that the valuation of the goods in the schedule was the same as in the officer's return, $900.

*D. Goodenow* and *Codman,* for the defendant, in their argument to sustain the exceptions, cited *Stat.* 1821, *c.* 85, § 3 ; *Amory* v. *Fellowes,* 5 *Mass. R.* 225 ; *Bradstreet* v. *Baldwin,* 11 *Mass. R.* 229 ; *Braintree* v. *Hingham,* 1 *Pick.* 245. In support of the motion for a new trial, they cited *Jackson* v. *Williamson,* 2 *T. R.* 281 ; *Coffin* v. *Jones,* 11 *Pick.* 45 ; *Bolster* v. *Cummings,* 6 *Greenl.* 85.

*Fessenden & Deblois,* argued for the plaintiff, and cited on the exceptions, *Clement* v. *Durgin,* 5 *Greenl.* 9 ; *Rule of Court,* 30 ; 1 *Paine,* 358 ; *Vail* v. *Nickerson,* 6 *Mass. R.* 262. On the motion for a new trial, they cited *Bolster* v. *Cummings,* 6 *Greenl.* 85 ; *Winslow* v. *Draper,* 8 *Pick.* 170 ; *Ropps* v. *Barker,* 4 *Pick.* 239 ; 7 *Johns. R.* 32 ; 3 *Johns. R.* 255 ; 1 *Gallison,* 360 ; *Bac. Ab. Verdict, H* ; 1 *Cowen,* 221 ; 2 *Cowen,* 589 ; 4 *Cowen,* 39 ; 1 *Conn. R.* 401.

The opinion of the Court was prepared by

WESTON C. J. — The statute of this State, prescribing the mode of taking depositions, provides, that the deponent shall take the oath required, before he is examined, and before he subscribes the testimony by him given. *Statute* of 1821, *c.* 85, § 3. As the law formerly stood in *Massachusetts,* the oath was administered, after the deposition had been committed to writing and signed by the deponent. It does not appear in the captions objected to, that the oath was administered before the examination and subscription,

but it is rather to be understood, that it was administered afterwards. The form of the oath was such as is required by our law; and it appears that the adverse party was notified and was present, and it does not appear that he made any objection to the manner in which the depositions were taken. They were taken in *New-Hampshire,* and the sixth section of the statute before referred to provides, that depositions taken out of the State, by persons duly authorized, may be admitted as evidence in any civil action, or rejected, at the discretion of the Court. Accordingly, depositions so taken, have been permitted to be used here, although the mode of taking has varied from our forms. In the case before us, we are of opinion, that the discretion of the Court was properly exercised in receiving the depositions.

In regard to the completion of the verdict, by the computation of damages, after the jury had separated, the case has a near resemblance to that of *Bolster* v. *Cummings,* 6 *Greenl.* 85, where, as here, the title to the property, and not its value, was the principal question in controversy. The value of the goods was stated in the return of the officer, and although there was a schedule, in which the goods taken were detailed, it is not suggested, that it afforded any evidence, which would have required or justified a reduction of the amount set forth in the return. Indeed the presiding Judge states, that that was the lowest estimate. The return then, being *prima facie* evidence of the value, and there being no opposing or controlling testimony to reduce it, it was only necessary to add thereto the interest, which was a mere matter of computation. The jury had settled every point, which labored in the cause, before they separated; and it does not appear to us, that former precedents, or the justice of the case, requires that their verdict should be disturbed. In the case of *Jackson* v. *Williamson,* 2 *T. R.* 281, where the Court refused to increase the damages found, upon the affidavit of the jurors, the application to do so was made some time after the verdict had been received, and the postea made up. It is not to be deduced from that case, that the jury would not have been permitted to amend their verdict, before it was affirmed.

*Judgment on the verdict.*