*Mem.*— SHEPLEY J. was employed in holding the Court in the county of Washington for the trial of jury causes, and could not attend at this term, and took no part in the decisions.

## COTTON WARD *versus* GEORGE BAILEY.

If the jury have through a misconception of the meaning of legal terms returned a verdict the reverse of what they intended, and such verdict has been affirmed, the papers may be again delivered to the jury by direction of the presiding Judge, before they have separated or left their seats, and the Judge may explain to them the meaning of those terms, and they may correct their verdict, although the writ in the next action may have been read to them.

WRIT of entry. The cause was submitted to the jury, and they came into Court and returned a verdict, that the defendant did not disseize the demandant, &c. and it was affirmed.

Another action for trial between other parties was called, and the writ was read to the same jury, when the counsel for the demandant in the first case suggested to the Court, that he apprehended that the jury had by some mistake returned a different verdict from what they intended. SHEPLEY J. presiding at the trial, informed the jury of the legal effect of their finding; and the foreman of the jury, by leave of the Judge,

stated that they found the location of a monument in controversy as contended for by the demandant. The Judge then directed the papers in the case to be delivered back to the jury, the counsel for the tenant objecting thereto. The jury consulted together and returned a verdict, that the tenant did disseize the demandant, and this verdict was thereupon affirmed in the place of the other. The jury did not separate, or leave their seats from the time of their returning the first verdict until after they had returned the last. The tenant filed exceptions.

*W. Kelley,* for the tenant, contended that after the verdict was once delivered into Court by the jury, and affirmed and recorded, that it could not be altered. The only way of correcting the error, if any there be, is by sending the case to a new trial. *Little* v. *Larrabee,* 2 Greenl. 37; 6 Johns. R. 68; 7 Johns. R. 32.

*W. G. Crosby,* for the demandant, said that there was a very wide distinction between the cases cited and this. Here the jury had not separated, and they were permitted merely to make their verdict express the decision already made by them, which, by mistake, it did not do, as it then stood.

The opinion of the Court was drawn up by

WHITMAN C. J. — The case of *Little* v. *Larrabee,* cited and relied upon by the counsel for the defendant, is distinguishable from the case at bar. In that case the jury had separated; and were liable to be influenced by conversations with the parties or others. It would, manifestly be unsafe, after such an opportunity for foul practices, to allow a jury to alter a verdict, which had been delivered and received in Court. In this case no such opportunity had been afforded. The jury had not left the stand. No undue influence could have been exerted over them. It is true their verdict had been received, and entered on the docket. But it appeared, on questioning the foreman, that they had misconceived the meaning of the terms used in their verdict. They were, thereupon, permitted to correct the mistake; and the minutes of the clerk were altered accord-

ingly. It would be a reproach to the law, if a mistake thus occurring, and thus corrected, should be deemed sufficient to send the cause back to a new trial. There are no authorities to warrant it. The cases cited from the 6th and 7th of Johns. R. do not apply.

That before the correction another cause had been begun upon, before the same jury, when the mistake was discovered, could not reasonably form the slightest ground of objection to the correction.

*Exceptions overruled and
judgment on the verdict.*