LUTHER SNELL *versus* BANGOR STEAM NAVIGATION COMPANY.

When a verdict has been returned, affirmed and constructively recorded, the duties of the jury in relation to it, have been fully performed, and their power exhausted.

Any reconsideration by the jury, of such a verdict, though by order of the Court, is inoperative; and any alteration in it, made upon such reconsideration, is invalid.

ASSUMPSIT. The jury returned into Court the papers committed to them, with a verdict of $592,08, in favor of the plaintiff, which was received, affirmed and constructively recorded. The plaintiff, after making some examination of the

papers, suggested to the Court, that the jury had fallen into a mistake in fixing the amount of the damages, and moved, that the papers be recommitted to them, and that they be sent out to re-examine the subject.

This motion was resisted by the defendant, but it was allowed. The jury were sent out accordingly, and they returned a verdict of $720,92, in favor of the plaintiff, which was received, affirmed and recorded. The defendants excepted.

*J. & M. L. Appleton,* for defendants.

*Dinsmore,* for plaintiff.

1. A sealed verdict is of no force. The jury separate by agreement of parties for their own convenience, but in the eye of the law are supposed to be together till they return their verdict into Court. *Root* v. *Sherwood,* 6 Johns. 68; 8 Pick. 170; 3 Black. Com. 300.

2. A verdict, when erroneous, may be rectified by the foreman, at the time of delivering it. *Goodwin* v. *Appleton,* 22 Maine, 453; *Blakely* v. *Sheldon,* 7 Johns. 32; *Root* v. *Sherwood,* 6 Johns. 68; 8 Pick. 170.

3. There will not be a new trial, if it appear to the Court, on the whole matter disclosed by the report, that justice has been done by the verdict. 4 T. R. 468; *Brazier* v. *Clap,* 5 Mass. 1; *Jones* v. *Fales,* 5 Mass. 5; *Newhall* v. *Hopkins,* 6 Mass. 350.

Tenney, J. — If it is apparent to the Court, that the jury, in finding a verdict, which has been received, but not recorded, have acted under a misapprehension of the facts, have misunderstood the law given to them, or that the verdict is wanting in form; or if in the apprehension of the Court, there has been any mistake, it may, in the exercise of a discretion, direct them to retire and re-examine the matter submitted to them, and the verdict which may be afterwards received, though differing entirely from the former, may be recorded; and this will be the verdict of the case. *Root* v. *Sherwood,*

6 Johns. 68; *Blackley* v. *Sheldon,* 7 Johns. 32; *Goodwin* v. *Appleton,* 22 Maine, 453.

It often occurs, when a case has been committed to a jury, and they have not agreed at the time, when the Court propose to adjourn to a future hour or day of the term, that the jury are informed, that after agreeing upon a verdict they may seal it up, separate, and return the verdict into Court, when it shall next after the agreement be in session.   When the verdict shall be opened in Court, it is not improper for the Court to send the jury out, for the purpose of changing the form of the verdict, and when the amended verdict is received to have it recorded.   In such a case it would be the same verdict.   *Winslow* v. *Draper,* 8 Pick. 170.   After the verdict has been sealed and the jury have separated, if they should be directed again to retire to make correction of a mistake, which should arise wholly from an erroneous computation, which depended upon fixed rules, it would not be reasonable that such verdict should be set aside.   It has not been held a sufficient cause to vacate the verdict, that a member of the jury had absented himself for a time from his fellows, before it was agreed upon, the Court being satisfied, that no wrong was intended, and that no attempt to influence his mind in relation to the case had been made.   *Burrill* v. *Phillips,* 1 Gall. 360.   And where there has been a separation of the jury without the permission of the Court, after the cause was committed to them and before an agreement, the weight of authority is, that the jurors who are guilty of the wrong may be punished, but the verdict may stand, if no one has tampered with them.   *Smith* v. *Thompson,* 1 Cowen, 221, and note (a.)

If the verdict has been recorded, the jury are to be discharged, and their finding so recorded, becomes the verdict of the case.   After that, the Court have no power to re-commit the cause to the jury for their further consideration ; and if it should do so, and another verdict unlike the first, should be received and recorded, it would be void.   The jury have done all which they are authorized by the law to do, and the order

of Court cannot give effect to that, which the law will not allow. This doctrine is distinctly implied in the cases before cited, but the points presented in them did not call for a decision upon the question, which we are now considering.

" After verdict recorded, the jury cannot vary from it, but before it be recorded, they may vary from the first offer of their verdict, and that verdict, which is recorded, shall stand." Co. Litt. 227, b. " When the jury have given their verdict and have affirmed it, it is beyond recall, and the jury are discharged of the case. No juror can then be allowed to say that he will not agree to it, or that he agreed to it upon mistaken principles." " When the verdict has been returned and affirmed, it is marked on the docket by the clerk, and is considered as then recorded, although the record of the case is not made up until afterwards." Howe's Practice, 258 ; 3 Black. Com. 378.

In the case before us, the jury having separated during the adjournment of the Court, subsequently returned a sealed verdict for the plaintiff. After it was opened and " rendered with the usual formalities," upon a suggestion of a mistake, of the plaintiff's counsel, in the amount found, they had upon motion permission of the Court, against the objection of the defendants, to retire, and they " rendered" a verdict, much increased in amount, for the plaintiff. It may well be supposed, that the error which they were allowed to correct, was one of a clerical character, or one which could be corrected in computation, by the principles, which they had found by their verdict for the plaintiff, were applicable to the case. The exceptions certainly show nothing to the contrary. There was no suggestion, which appears by the case, that the jury had been influenced by any one, or that any conversation had taken place between a member of the panel and other persons during the separation. And if the permission was given, before the affirmation of the verdict, it was not inconsistent with usage which has been sanctioned. If they were allowed then, to retire for such a purpose only, and they made no other alteration than

that which was intended by the Court, the second verdict was the same, which the first was designed by the jury to be.

It appears by the exceptions, that the jury at the time they offered their sealed verdict, " rendered their verdict with the usual formalities." When they came in again, they " rendered their verdict." We understand that the first verdict was *affirmed*, before the jury were permitted to retire a second time; as it cannot be considered as rendered with the usual formalities, without including the affirmation. The last verdict was rendered, after a perfect one had been received and recorded ; the jury had then performed their whole duty and were discharged of the case ; and had no authority to revise their doings, or to render another verdict; their power by the law, having been exhausted, could not be revived by the Court.

*Exceptions sustained.*