### (*) Doe versus Scribner.

It is a general principle in the law of evidence, that copies are inadmissible to prove the contents of deeds.

The exception made by the 34th Rule of the Court to that principle, does not authorize the introduction of office copies, except in actions "touching the realty."

To show that a debtor obtained a discharge of the debt fraudulently, *original deeds* of conveyance made by him about the same time are admissible in evidence. But, for such a purpose, copies are not admissible, unless the originals are lost.

In a verdict, which was prepared by the jury, there was an accidental omission to insert the amount of damage which they had agreed upon. *Held*, that in taking the verdict, it was rightful in the Court to authorize the jury to insert the amount, though, after sealing it up, they had separated for the night by leave of the Court.

On Exceptions from *Nisi Prius*, Rice, J., presiding.

Assumpsit, upon a promissory note made to the plaintiff.

The defendant relied on a release of the cause of action, contained in an instrument under seal, purporting to be an assignment by him for the benefit of his creditors, bearing date Nov. 16, 1850, and executed by the plaintiff and others. The plaintiff insisted that this assignment was void by reason of fraud on the part of the defendant, and because it required of the creditors, who should become parties thereto, a release of "all manner of actions, demands, and claims whatsoever, against the said Scribner," and not a simple release of debts.

To establish the charge of fraud, the plaintiff offered to read office copies of sundry deeds conveying real estate, purporting to be excuted by the defendant to third persons, previous to the 16th of Nov. 1850, without offering any proof of diligence to produce the originals. To the introduction of these copies as evidence, the defendant objected; but the Judge overruled the objection and the copies were read. The plaintiff also introduced witnesses whose testimony tended to establish the fraud.

On Friday evening, the Judge, after charging the jury, instructed them to retire, seal up their verdict, and bring it into Court the next morning. In the morning, (the jury,

having in the meanwhile agreed, and sealed up their verdict
and separated,) they came into Court, and delivered to the
clerk their sealed verdict, which was for the plaintiff, gener-
ally, but contained no assessment of damages. On inquiry
by the Judge, the foreman stated that the jury had computed
and agreed upon the damages on a separate paper. The
Judge then directed the foreman to insert the amount of dam-
ages in the verdict. Whereupon, (the defendant objecting,)
the Judge ordered the verdict so amended to be accepted,
affirmed and recorded.

To the aforesaid ruling and order of the Judge the de-
fendant excepted.

The counsel submitted the point as to the admissibility of
the office copies without argument.

They then discussed the question, of the validity of the
release. Upon this question however, the Court found it
unnecessary to give an opinion.

*Paine*, for the plaintiff.

*Bradbury*, for the defendant.

Howard, J. — On general principles of the law of evidence,
copies are inadmissible in proof of the contents of deeds.
Under the 34th Rule of this Court, office copies from the
registry of deeds may be read in evidence, without proof of
their execution, only in actions touching the realty, and
in tracing titles, and "where the party offering such office
copy in evidence is not a party to the deed, nor claims as
heir, nor justifies as servant of the grantee or his heirs."
*Kent* v. *Weld*, 11 Maine, 459; *Woodman* v. *Coolbroth*, 7
Maine, 181; *Hutchinson* v. *Chadbourne*, 35 Maine, 189.

Damages, it appears, had been duly assessed by the jury
before they separated, but were not inserted in the verdict,
as first presented. Inserting the amount thus ascertained,
and which constituted an element of the finding, by direction
of the presiding Justice, was an authorized amendment of the
verdict before it was accepted or affirmed. It was but reduc-
ing it to form, in order to render it available and effective.

*Blake* v. *Blossom*, 15 Maine, 394; *Root* v. *Sherwood*, 6 Johns. 68; *Blackley* v. *Sheldon*, 7 Johns. 32; *Snell* v. *Bangor Steam Navigation Co.* 30 Maine, 337.

But as the office copies of deeds were inadmissible for the purposes for which they were offered and received, the exceptions are sustained.

SHEPLEY, C. J., and WELLS and HATHAWAY, J. J., concurred.