CHARLES H. CHILDS, and another, *vs.* SIMEON CARPENTER.

Aroostook.    Opinion January 7, 1895.

*Verdict.    Jury.    Practice.*

A verdict of a jury like the following, "Verdict for plaintiff for two hundred and fifty-six dollars and eighty-five cents," signed by the foreman and sealed up, is a good verdict in substance, and may be amended by the jury under the direction of the court, so as to be more formally correct, at any time before the verdict has been affirmed, although the jury had separated after the verdict was sealed up and before it was brought into court.

ON MOTION AND EXCEPTIONS.

The jury having returned a verdict for the plaintiff, the defendant filed a general motion for a new trial and incorporated into his motion, as an additional reason, the same facts which are stated in his bill of exceptions and recited in the opinion.

*Don A. H. Powers and Vinal B. Wilson*, for plaintiff.

*Louis C. Stearns and H. M. Briggs*, for defendant.

The verdict was made by the foreman under the direction of the court from written memoranda furnished by the foreman. It was not a correction of a verdict which the jury had agreed upon and rendered, as in the cases of *Hoey* v. *Candage*, 61 Maine, 257, and *Readfield* v. *Shaver*, 50 Maine, 36, but was the making of a verdict in court.

The jury had agreed upon and brought in a certain finding which was too uncertain and informal to have any force or effect as a verdict on the issue before them.    It contained neither the title of the court, the names of the parties, nor their finding on the issue, nor was there anything upon the paper to in any way

connect it with the case. The jury were directed to bring in a sealed verdict, and while a verdict so agreed upon by them could undoubtedly have been amended in matters of form, matters of substance could only be corrected by recommitting the case to the jury for their further consideration.

Mistakes merely formal may be corrected by the court or by the foreman. Errors of substance can be corrected only by directing the jury to reconsider the case and bring in the new verdict. *Snell* v. *Bangor Steam Navigation Co.* 30 Maine, 337 ; *Bucknam* v. *Greenleaf* 48 Maine, 394.

"If the jury return a verdict into court which is not such as the issue requires, the court may send them back to reconsider their verdict at any time before it is received and recorded as a verdict." *Goodwin* v. *Appleton*, 22 Maine, 453.

In the case of *Sawyer* v. *Hopkins*, 22 Maine, 268, where the court changed the form of the verdict, the original verdict rendered by the jury contained the title of the court, the names of the parties, and everything necessary to ascertain from it their intention to render a verdict in the particular case which was in their hands. The verdict in this case as originally rendered contains nothing which can connect it with the action which was tried before the jury.

Counsel cited : *Little* v. *Larrabee*, 2 Maine, 37 ; *Emery* v. *Osgood*, 1 Allen, 244 ; *Winslow* v. *Draper*, 8 Pick, 169 ; *Ward* v. *Bailey*, 23 Maine, 316 ; *Hoey* v. *Candage*, 61 Maine, 257.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J. In this case these facts appear : The jury having sealed up their verdict and separated after the adjournment of the court at night, upon the bringing in of the verdict the following morning, it appeared that the printed blank verdict given the jury was not filled in, but that accompanying and sealed up with the verdict was the written finding of the jury, signed by the foreman, as follows : "Verdict for plaintiff for $256.83, two hundred fifty-six 83-100ths dollars. G. W. Marston, Foreman."

Thereupon the court, against the objection of the defendant, directed the foreman to fill in the printed blank verdict in accordance with the written verdict returned by them, which was done, and the verdict thus amended was affirmed accordingly.

This was no more than an alteration of the verdict in a matter of form, and therefore was not objectionable. The one form of verdict was just as legal as the other. They were in substance the same. The old writers declare a general verdict to be one by which the jury pronounce at the same time on the fact and the law, either in favor of the plaintiff or the defendant. 4 Bla. Comm. 461. This was clearly such a verdict for the plaintiff. To preserve a regularity of form the court properly ordered the amendment. *Little* v. *Larrabee*, 2 Maine, 37.

*Exceptions and motion overruled.*