HARLEY J. DeBLOIS ET AL.

*vs.*

ROY C. DUNKLING ET AL.

Sagadahoc.    Opinion, June 12, 1950.

*Harvey R. Pease,*
*Burleigh Martin,* for plaintiffs.

*Edward W. Bridgham,*
*Harold J. Rubin,* for defendants.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On motion. This action was brought by the plaintiffs against the defendants on a promissory note dated February 1, 1946, signed by the defendants and payable to the plaintiffs in the principal sum of $5,445 in payments as follows:

> "The sum of Twenty-eight Hundred Dollars ($2800.) on or before August 25, 1946; the sum of not less than One Thousand Dollars ($1000.) on or before October 1, 1947; the sum of not less than One Thousand Dollars ($1000.) on or before October 1, 1948 and the sum of Six Hundred and Forty-five Dollars ($645.) or the balance remaining unpaid on or before October 1, 1949, with interest on said sum at the rate of five and one half per centum per annum, during said term and for such further time as said principal sum or any part thereof shall remain unpaid, payable semi annually on the first days of August and February."

On August 26, 1946 the defendant, Ray C. Dunkling, paid the plaintiff, Harley J. DeBlois $3,000, which sum the latter endorsed on the note as a payment thereon. The action was brought to recover the entire balance of the note, together with interest. The writ was dated May 5, 1948. At the trial the note having been introduced in evidence and it appearing that none of the principal of the note payable after October 1, 1947 was due and payable at the time the action was commenced, the plaintiffs waived any claim to recover any installments of principal or interest accruing after the date of the writ. On the fifth day of the June

Term 1949 the jury rendered the following verdict, which verdict was affirmed and recorded:

"(Verdict)

For Plaintiff

STATE OF MAINE

SAGADAHOC COUNTY, ss.

SUPERIOR COURT June Term, A.D. 1949

No. 9500

HARLEY J. DeBLOIS, et als     Plaintiff

versus

RAY C. DUNKLING, et al     Defendant

The Jury find for the Plaintiff Harley J. De-Blois et als and assess damages for the Plaintiff in the sum of Twenty-three hundred and ninety-four dollars 2394.00 plus interest at five and one-half per cent (5-½) from Aug. 26, 1946 to May 5, 1948

JUSTUS R. RIPLEY   Foreman of Jury"

After verdict and on the tenth day of the term at which the verdict was rendered, defendants made a motion to the presiding justice to set aside said verdict and grant a new trial on the following grounds:

"1st.  Because the verdict is against law.
2nd.  Because the verdict is against evidence.
3rd.  Because the verdict is against the weight of evidence.
4th.  Because the damages are illegal, to wit, uncertain, not in proper form, inconclusive and improper, and cannot be reduced to certainty by computation."

Whereupon the presiding justice, on June 27, 1949, and during the term at which said verdict was rendered made the following order:

"If the plaintiffs, within 30 days, shall remit all of the verdict in excess of $1231.41, motion overruled; otherwise motion sustained."

On the same day the plaintiffs remitted the excess as stipulated in the order of the presiding justice. Thereafterwards, on the same day, and during said term, defendants, as authorized by R. S., Chap. 100, Sec. 60, filed a motion to this court to set the verdict aside and for a new trial, alleging in identical language the same reasons contained in their prior motion to the presiding justice. It is on this motion that the case is now before this court.

During argument before this court, the first three grounds of the motion were expressly waived, and the cause was argued solely upon the fourth ground. During the argument it was admitted and agreed that $1,231.41, to which sum the verdict had been reduced by *remittitur*, was the exact amount for which verdict should have been rendered by the jury if they found for the plaintiffs.

Although the form of the verdict is not to be commended, it sufficiently identifies the case in which, and the parties in favor of and against whom it is rendered. It clearly indicates that it was rendered in favor of the plaintiffs and against the defendants. Furthermore, its amount, although not stated with technical accuracy, can be determined from what is stated therein with mathematical certainty. These technical errors which are in form rather than substance are not in and of themselves sufficient to vitiate the verdict nor to justify setting the same aside unconditionally.

The amount of the verdict as rendered and as affirmed and recorded was erroneous. The damages assessed are in excess of any amount which properly or legally could have been awarded. The amount awarded clearly included the installments of the note which were not due and payable at the time the action was commenced.

On the other hand, the exact amount for which the verdict, if for the plaintiffs, should have been rendered can be computed with mathematical accuracy. The presiding jus-

tice admittedly correctly computed this amount at $1,231.41 and set it forth in his conditional order hereinbefore quoted. The plaintiffs had remitted all of the verdict in excess of this amount prior to the filing by the defendants of their motion directed to this court. As this *remittitur* was filed subsequent to the making of the order by the presiding justice hereinbefore set forth, it must be held that the remission was made with the consent of the presiding justice.

This case, as presented to us, does not involve the exercise of its authority, by the court at *nisi prius,* to cause the correction of verdicts erroneous upon their face, either in matters of form or of substance, nor when, nor under what circumstances such authority as is possessed by the court with respect thereto may be exercised. The authorities cited by the defendants with respect to these questions, *Bolster, Exr.* v. *Cummings,* 6 Me. 85; *Blake* v. *Blossom,* 15 Me. 394; *Ward* v. *Bailey,* 23 Me. 316; *Little* v. *Larrabee,* 2 Me. 37; *Snell* v. *Bangor Steam Navigation Company,* 30 Me. 337; *Doe* v. *Scribner,* 36 Me. 168; *Beal* v. *Cunningham,* 42 Me. 362; *Weston* v. *Gilmore,* 63 Me. 493 and *Childs* v. *Carpenter,* 87 Me. 114, are not in point. These cases all relate to corrections or suggested corrections of the verdict itself. Neither the court nor the jury made or attempted to make a correction of this verdict.

The foregoing cases cited by the defendants neither discuss nor decide whether the plaintiff may file a *remittitur* of the excess over and above the amount for which a verdict should have been rendered, when that amount is demonstrable with mathematical certainty and the jury has erroneously rendered a verdict in excess thereof. Neither do the cases cited discuss nor decide the effect of such *remittitur.* Nor do the cases cited either discuss or decide the power and authority of the court to make an order overruling a motion to set aside such erroneous verdict, conditioned upon the filing of such *remittitur* by the plaintiff, and in the alternative, upon failure to file such *remittitur,*

sustaining the motion and setting the verdict aside. These are the questions involved in this case as now before us, and it is upon their solution that our decision must rest. The power and authority of the trial court to correct or to direct or permit the correction of an erroneous verdict either in matters of form or substance is not before us for decision in this case.

In motions to set aside verdicts for admitted error in awarding damages in excess of the amount which could be awarded in the cause, whether the motion be directed to the presiding justice or to this court, the court under appropriate circumstances may (a) set the verdict aside unconditionally and order a new trial, (b) may set the verdict aside and order a new trial on the question of damages only, or (c) may make a conditional order overruling the motion if the plaintiff within a time fixed by the court remits all of the verdict in excess of the amount specified in the order, and further providing that unless the same be done as specified, the motion be sustained. The authority of the courts to make such orders is such an established rule of practice in this state that no citation of authorities is needed in support thereof.

We are not unmindful that the court in its opinion in *Weston* v. *Gilmore,* 63 Me. 493, 495, made the following statement:

> "where the error has been committed by the jury, either by returning a verdict for the wrong party, or for a larger or smaller sum than they intended, and by the amendment proposed the verdict would be reversed, or the damages increased or diminished, and the substantial rights of the parties thus changed, when the verdict has been affirmed in open court, and the jury have separated and become accessible to the parties, the only remedy for a mistake is by setting the verdict aside and granting a new trial."

We do not understand nor do we believe that the court in that statement intended to deny the power of a court to

overrule a motion for a new trial, where the mistake was in rendering a verdict in excess of the amount for which it is mathematically demonstrable that the verdict should have been rendered, conditioned upon the filing of a *remittitur* of the excess. The case of *Weston* v. *Gilmore* was before the court upon exceptions to the action of the trial court directing a jury, after its verdict had been declared, affirmed, recorded, and the jury had separated, to increase the amount of the verdict which had been unintentionally rendered only for the amount of the interest reckoned by it upon the principal sum found by the jury to be due, by including therein such principal sum. The statement "the *only* remedy for a mistake is by setting the verdict aside and granting a new trial" (emphasis ours) is at best *dictum*. If that statement be interpreted as denying the right of the court to overrule the motion for a new trial conditioned upon filing a *remittitur* of the excess over and above the amount for which it may be demonstrated with mathematical certainty that the verdict should have been rendered, it is not in accord with sound legal principles and must yield to the rule as heretofore announced herein.

Although the effect of filing a *remittitur* is to reduce the verdict by the sum so remitted, and although no judgment in excess of the balance remaining can be rendered upon the verdict, it does not necessarily follow that by a voluntary *remittitur* of all sums in excess of the amount for which the verdict should have been rendered, a plaintiff may cure all of the infirmities in the verdict flowing from the awarding of excessive damages by the jury. Such *remittitur* will, especially if made with the consent of the court, remove the infirmity of excess as such. However, it may or may not cure the effect of the return of an excessive verdict. This will depend upon the facts in the case and the judgment of the court in view of the whole evidence. The determination of this question in large measure will depend upon the justness of the verdict except as to its amount. With respect to curing a verdict by a *remittitur,* when the verdict was

in excess of that which could be rendered in the case, we said in *Holmes* v. *Gerry*, 55 Me. 299 at 328:

> "This is often done, where it is clear that an unintentional mistake has been made by the jury, and that the party is entitled to a verdict in his favor, and the amount is a matter of mere calculation, and not seriously in dispute. But it does not follow, as a settled rule, that in every case where a jury gives all that is demanded and something beyond, that the verdict may be amended by a remission of the excess. This must depend upon the facts in the case, and the judgment of the Court in view of the whole evidence."

Of the alternate courses of conduct open to this court with respect to this motion, we cannot make an order overruling the same on condition that the plaintiffs remit the excess over and above the proper amount. It would be meaningless to make an order conditioned upon the doing of that which has already been effectively done. To set aside the verdict and order a new trial on the question of damages only would likewise be an idle gesture. The verdict has already been reduced to the exact sum for which it should have been, and except for the accrual of interest since the former trial, would have to be rendered upon a new trial on the question of damages only.

The choice lies between (a) overruling the motion, or (b) sustaining it unconditionally and ordering a new trial.

The real issue between the parties in this case was whether the $3,000 payment made on August 26, 1946 was a payment on account of the note or was made to and accepted by the plaintiffs in full payment and satisfaction of the note. As the case was tried the controverted issue was liability, not the amount for which the defendants were liable, if at all. The amount of recovery, if any, was incidental and was a mere matter of a mathematical computation of the amount due on the note, according to its tenor at the time the suit was instituted. On the controverted

issue of liability, the testimony was conflicting. It was so clearly a question of fact for the jury that the defendants have waived and abandoned the grounds of their motion to set aside the verdict as against law, evidence or the weight of evidence.

After a careful study of the entire record of the case, we are convinced that the jury were not only warranted in finding a verdict against the defendants but of the justness of such finding.

Nor does the error in the amount of the verdict, in our opinion, indicate that the jury misunderstood the real issue of the case, to which the conflicting testimony was principally directed, that of liability. We must assume that the presiding justice correctly instructed the jury on the question of damages. However, considering the declaration as it was framed and the case as it was tried, in our opinion the error as to the amount of damages recoverable was an unintentional mistake on the part of the jury.

Had the amount of the verdict not been reduced by *remittitur*, we would not, on the record before us, set the verdict aside unconditionally but would make the same conditional order which was made by the presiding justice. As the verdict had been reduced by *remittitur* to the correct amount before the present motion directed to this court was filed, the mistake in its amount made by the jury should not vitiate its finding on the question of liability, nor should we now set the verdict aside unconditionally.

The verdict already having been reduced by *remittitur* to the exact amount for which the defendants admit it should have been rendered, the motion is overruled.

*Motion overruled.*

*Judgment to be entered on the verdict as diminished by the remittitur to the sum of $1,231.41.*

## RULE 2 (AMENDMENT)

STATE OF MAINE

Supreme Judicial Court                    June 13, 1950.

All of the Justices of the Supreme Judicial Court concurring, Rule 2 of the Revised Rules of the Supreme Judicial Court, 129 Me. 523, as amended February 6, 1942, 138 Me. 366, is further amended so as to read as follows:

Regular sessions of the Supreme Judicial Court may be held on the first Tuesday of each month, with the exception of July and August in any county whenever such sessions become necessary for the presentation of matters and transaction of business within the exclusive jurisdiction of said court or within the concurrent jurisdiction of the Supreme Judicial and Superior Courts, and process may be made returnable to the Supreme Judicial Court on said dates. Special sessions of the Supreme Judicial Court for the transaction of any business within its jurisdiction may be held in any county at any time whenever the Chief Justice determines that public convenience and necessity so require.

HAROLD H. MURCHIE
*Chief Justice of the Supreme Judicial Court.*

A true copy.
Attest:

LESLIE E. NORWOOD
*Clerk of said Supreme Judicial Court*

[SEAL]