## Moses M. Richards *vs.* Lillie P. Page.

Lincoln.   Announced May 31, 1888.   Opinion August 7, 1888.

*Jury.   Verdict.   New trial.   Practice.*

The court at *nisi prius* has power to direct the discharge of a jury when satisfied that they can not agree.

When the court so direct and in accordance with such direction, the jury separate, they no longer have charge of the case and have no power over it.

After separating, the jury have no more power to assemble and further consider a case, than if it had never been committed to them.

ON MOTION AND EXCEPTIONS.

EXCEPTIONS.   The jury, failing to agree, were discharged by the officer in charge, without a verdict at midnight, under orders of the presiding judge.

The next morning before the sitting of the court, the jury, of their own motion re-assembled and agreed upon a verdict against the plaintiff, and came into court and rendered the same as the verdict of the jury, which verdict was received and affirmed in the usual manner, without any knowledge or suspicion on the part of the justice presiding, that the verdict had not been agreed upon before the jury had separated.   Upon discovery of the facts, relating to the time of making said verdict, the plaintiff made his motion that the verdict be set aside and for a new trial; and upon proof of the foregoing facts, claimed that the said verdict be set aside by the presiding justice, who, being of opinion that the motion must go to the law court, on report of evidence given in proof of the facts declined to grant the motion.

To this ruling the plaintiff excepted.

The plaintiff also filed the following motion duly sworn to for a new trial, which came up to the full court with his exceptions.

MOTION.   And now after verdict rendered against him in the cause aforesaid, comes the plaintiff and prays the said verdict may be set aside and a new trial granted because he says, he has discovered, that since the said verdict was rendered, the same was not made and agreed to by the jury, before they were dis-

charged of the case, but on the contrary, was made and agreed to after the said jury had been discharged of the case and had separated, and without authority of law, re-assembled and entered into further deliberations ; and he expects to prove the aforesaid facts by the testimony of Morrill Glidden and William H. Levensaler.

*Gilbert and Castner*, for the plaintiff.

Cited: R. S., c. 82, § 40; *Com.* v. *Townsend*, 5 Allen, 216 ; *Weston* v. *Gilmore*, 63 Maine, 493.

*Peregrine White and T. P. Pierce*, for the defendant.

From the nature of the exception it is evident that the motion in this action, was addressed to the presiding judge. The exception raises only a single question,—did the judge err in the disposition he made of that motion.

This motion was addressed to the presiding judge, and, as the plaintiff refused to bring it here on report, his determination of it must be accepted as final; *Averill* v. *Rooney*, 59 Maine, 580 ; affirmed in *Burr* v. *B. & B. R. R.*, 64 Maine, 130 ; *Milo* v. *Gardiner*, 41 Maine, 549 ; *Gifford* v. *Clark*, 70 Maine, 94; *Trafton* v. *Pitts*, 73 Maine, 408. Motions were filed to set aside the verdicts for alleged irregularities of the jury, and they were all sent direct to the full court.

Rule 17, decisive of the question.

Separation did not vitiate the verdict; 1, Gra. and Wat. N. T. 80, 92, and cases there cited; *Com.* v. *Sholes*, 13 Allen, 55.

In *Clough* v. *Clough*, 6 Foster, (N. H.,) 33, jury were called upon after separation to explain the verdict and permitted to do so without objection ; a motion to set verdict aside was overruled and the court in the opinion said,—"that although the inquiry was made after the jury had separated, but, as we presume, in the presence of the parties, no objection was taken on that account."

The evidence does not show that any of the jury communicated with anybody, or was guilty of any misconduct or impropriety whatever, save alone the mere act of separation. *Gifford* v. *Clark, supra.*

The verdict a just one, and the defendant should not be sub-

jected to the expense of a new trial, on a mere technical objection. 1, Gra. and Wat. N. T. 301, 310, and cases there cited.

LIBBEY, J. This case was committed to the jury in the afternoon, and at the time of adjournment they had not agreed. The officer in charge of the jury was directed by the court, that, if they had not agreed at twelve o'clock in the night to let them separate. At that hour the foreman informed the officer in response to an inquiry by him, that the jury had not, and could not agree. Thereupon the officer opened the door and told them to separate, and they did so. The next morning the jury assembled in their room and agreed upon a verdict for the defendant, reported it in court and it was affirmed. The facts about the disagreement and discharge of the jury were not known to the court or the plaintiff's counsel till after the verdict was received and affirmed. When the facts became known to the plaintiff's counsel a motion was made addressed to the presiding justice to set the verdict aside, but the justice, being of opinion that the motion was one on which he had no power to act, so ruled, and exception was taken. A new motion was then filed addressed to this court, and upon that motion the case is considered.

The court at *nisi prius*, had the power to be exercised in its discretion, to direct the discharge of the jury when satisfied that they could not agree. That power was properly exercised in this case; and when the jury separated by order of the court they no longer had charge of the case, and had no power over it. The jury had no more power to assemble in their room and further consider the case, than if it had never been committed to them. The case is unlike those cited by the counsel for the defendant, where there was irregular and unauthorized misconduct on the part of the jury, which was, in no way injurious to the losing party; but one where the jury no longer had power to act. *Commonwealth* v. *Townsend,* 5 Allen, 216; *Weston* v. *Gilmore,* 63 Maine, 493.

*Exceptions overruled.*
*Motion sustained.*
*Verdict set aside.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and FOSTER, JJ., concurred.