JOHN WILLIAMS, Respondent, v. C. C. LANE, Appellant.

St. Louis Court of Appeals, April 9, 1895.

**Fixtures:** RIGHT OF REMOVAL OF: CREATION OF NEW TENANCY. When a tenant, on the expiration of his term, accepts a new lease of the demised premises, he loses his right to remove fixtures placed by him on the premises during the expired term, unless that right has been reserved to him by the new lease.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED.

*Pepper & Steele* and *Cloud & Davies* for appellant.

Floreth, having accepted a new lease without removing the shelving or reserving the right to remove, was estopped from claiming the shelving as his own, and, therefore, lost his right to remove them from the building. *Lougran v. Ross*, 45 N. Y. 792; *Corning v. Troy Iron Co.*, 40 N. Y. 219; *Davis v. Moss*, 38 Penn. 346.

No brief filed for respondent.

BOND, J.—Plaintiff sues for damages for an alleged breach of a covenant of general warranty in a deed made to him by defendant on February 10, 1892, conveying a town lot in Monett, on which a building was situated. The answer was a general denial. The issues were tried by the court without a jury, and a judgment rendered for plaintiff for $30, from which this appeal is taken.

On the trial, defendant did not offer any evidence. The facts shown by plaintiff were, that he bought a lot in Monett and storehouse situated thereon from defendant on the tenth day of February, 1892, taking a general warranty deed therefor; that, at the time of this purchase, one Floreth was the tenant of said building; that said Floreth at once entered into a contract with plaintiff for the future use of said building; that the tenancy thus created lasted until March, 1893, when said Floreth left the building and removed therefrom, over the objection of plaintiff, certain shelves which were attached to the inner walls, and were so attached when plaintiff purchased the property, and which had been placed there by said Floreth while he occupied the building as the tenant of defendant prior to its purchase by plaintiff. There was some evidence as to the value of the shelving thus removed, and the injury caused by its removal to the rental value of the building. The trial court gave no declarations of law, and refused the following, requested by defendant:

"If the court shall find and believe from the evidence that one Floreth, under a lease with defendant, put the fixtures in question in the house, reserving the right to remove the same, and afterward defendant sold the house to plaintiff, and then Floreth entered into a new lease with plaintiff for said house without reserving the right to remove the said fixtures, then the court declares the law to be that the fixtures became the property of the plaintiff, and he can not recover in this action."

The foregoing declaration of law stated a correct legal proposition, and was sustained by all the evidence. While the principle announced therein has not been directly passed upon by the appellate courts of this state, it is of undoubted soundness, and has met the approval of other courts where the facts calling for its

application were under review. *Loughran v. Ross*, 45 N. Y. 792; *Davis v. Moss*, 38 Pa. St. 346; *Corning v. Troy Iron & Nail Factory*, 40 N. Y. 219.

The first case cited was an action on a covenant of warranty, which was alleged to have been broken by the removal, by a tenant, of certain buildings which had been erected, under a lease, on a lot prior to its conveyance. It was shown that the tenant had taken a new lease, containing no provision for the removal of the structures from the purchaser of the lot. It was held that the right of removal was lost, as it had not been exercised during the former term of the tenant, and a new lease was accepted by him without any stipulation securing the right of removal. The basis of this rule is the law governing accretions to real estate, and measuring the right of the tenant to remove such additions by the period of his tenancy. When a tenant fails to remove a fixture prior to surrender of possession under his lease, it becomes, in the absence of a further contract, an integral part of the real estate to which it was affixed and follows the ownership thereof. *Lacey v. Giboney*, 36 Mo. 320. So in the present case. The tenant was entitled, at any time during his term, and before attorning to plaintiff, to remove the shelving which had been attached as a trade fixture to the building. As he did not exercise this option, but entered upon a new term under a lease with plaintiff without any contract as to the removal of the fixtures, they became, by operation of law, a part of the freehold as fully as if they had been constructed and placed there by plaintiff prior to the letting. These conclusions demonstrate that there is no theory of law under which plaintiff was entitled to a judgment upon the facts shown by him. The judgment in his favor is, therefore, reversed. **All concur.**