# CHAMP SPRING COMPANY, Respondent, v. ROTH TOOL COMPANY, Appellant.

### St. Louis Court of Appeals, December 1, 1903.

1. **LANDLORD AND TENANT:** Removal of Fixtures. Where the tenant made improvements upon the premises by adding fixtures, and at the expiration of his term, without having removed the fixtures, executed with his landlord a new lease in which no right of removal was stipulated, his right to remove them terminated with the first lease.

2. **PRACTICE:** Verdict: Reconsideration of. The trial court, before recording the verdict and before discharging the jury, may require a reconsideration of the verdict, to correct error or to remove obscurity from it.

3. ———: ———: ———: New Trial. Where the verdict shows unmistakably that the jury was involved in error and confusion, a new trial will be ordered, although the trial court directed a reconsideration of such verdict and the jury returned a new one.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

REVERSED AND REMANDED.

*Ed L. Gottschalk* for appellant.

(1) As between landlord and tenant, the question of whether trade fixtures become part of realty or remain chattels and removable by tenant is most liberally construed in favor of the tenant. 13 Am. and Eng. Ency. of Law (2 Ed.), p. 639; Kerr v. Kingsbury, 39 Mich. 150; Morrison v. Sohn, 90 Mo. App. 76; Tyler v. White, 68 Mo. App. 607; Cohen v. Kyler, 27 Mo. 122.

(2)   The tenant has rights which persons in other relations do not possess, as to the removal of trade fixtures. 13 Am. and Eng. Ency. of Law (2 Ed.), p. 641; Rogers v. Crow, 40 Mo. 91; Bank v. Kercheval, 65 Mo. 682. Trade fixtures are removable by tenant. Finney v. Watkins, 13 Mo. 291; Wiggins Ferry Co. v. Railroad, 142 N. S. 296; Talbot v. Whipples, 14 Allen (Mass.) 177; Bircherer v. Parker, 43 Mo. 443; Lacy v. Giboney, 36 Mo. 320; Hunt v. Mullanphy, 1 Mo. 508.   (3)   Countershafting, pulleys, hangers and belts, fastened to the building with bolts; a portable boiler and steam pipes supported by hooks screwed to the building, are trade fixtures or personal chattels removable by lessess who puts them in.   Holbrook v. Chamberlain, 116 Mass. 155, 17 Amer. Rep. 146.   (4)   A tenant holding over after the term without a new lease, has the same right of removal so long as he remains in possession, and on being evicted on summary proceedings on account of such holding over, is entitled to take the fixtures with him. Brown v. Reno Elec. Light Co., 55 Fed. 229; Wright v. McDonnell, 88 Tex. 140; Bircher v. Parker, 40 Mo. 118. (5)   Where the tenancy is of uncertain duration or determinable on a contingency, the tenant is allowed a reasonable time thereafter for the removal of the fixtures.   13 Am. and Eng. Ency. of Law (2 Ed.), p. 650. (6)   A lease on lots and water rights appertaining thereto and also a building on the lot, does not cover fixtures and machinery placed on the property by lessee, and may be removed.   Bank v. Merrill Co., 69 Wis. 501. (7)   The theory that the test whether the article is or is not a fixture to be the nature of a physical attachment to the soil has long since been exploded.   Davis v. Mugan, 56 Mo. App. 311.   (8)   The first verdict having been in form and complete, the court should have received the same and should not have inquired as to how they arrived at those figures and then require the jury to increase the finding of damages.   In doing as he did, the court usurped the position of the jury, and by over-

ruling the motion for new trial, as he did, he took upon himself the deciding of the facts.    He should have granted a new trial, and on retrial, he could have instructed the jury as to the law applicable to the facts. When plaintiff purchased he purchased subject to the rights of the defendant, since defendant was in possession.    Morrison v. Sohn, 90 Mo. App. 76; Freeman v. Moffitt, 119 Mo. 280.

*R. M. Nichols* for respondent.

(1)    Assuming that the B. Roth Tool, Forge & Machine Company placed in the premises, when it moved in as the tenant of the Malleable Iron Company, the workbenches, partitions, girders, sleepers, floors, elevators, machinery and shafting, it must have lost them when its tenancy ceased upon its failure in 1896 and the fixtures were not claimed or removed by it.    In 1896 this tenancy must have ceased because plaintiff executed to Wm. Boefer, Chas. A. Roth and Edward B. Roth a lease for one year.    When the latter lease ceased, in one year, the fixtures were neither claimed nor removed.    In 1897 plaintiff executed to the same lessees a new lease, being the one shown in evidence, in which no reservation of the right to remove the fixtures in controversy existed, and which lease ceased September 30, 1901.    It is difficult to see how the present defendant, which was not organized till July 6, 1900, had any right to the fixtures, if we assume that the fixtures were put in, as claimed, by the B. Roth Tool, Forge & Machine Company in 1892.    Williams v. Lane, 62 Mo. App. 66; Beckwith v. Boyce, 9 Mo. 560; Sampson v. Cotton Mills, 64 Fed. 936; Loran v. Ross, 45 N. Y. 795; Lacy v. Giboney, 36 Mo. 320; Merritt v. Judd, 14 Cal. 59; Griffin v. Ramsdell, 71 Ind. 44; Dostal v. McCaddon, 35 Iowa 318.    (2)    The testimony is uncontradicted that all of these things were attached to the freehold.    None of these were personal chattels. They were fixtures.

Walsh v. Sichler, 20 Mo. App. 374; Tudor Iron Works v. Hitt, 49 Mo. App. 472; Donnewald v. Real Estate Co., 44 Mo. App. 320; Berger v. Hoerner, 36 Ill. App. 360; Dobschuetz v. Holliday, 82 Ill. 371; Bank v. Adams, 138 Ill. 483; Moore v. Smith, 24 Ill. 512.    (3)   It was within the province of the court when the jury came in with the informal verdict, to send them out and require them to put the verdict in proper form.   This is all the court did.    Cattell v. Despatch Pub. Co., 88 Mo. 354; Christopher v. White, 42 Mo. App. 428; Thompson on Trials, sec. 2633, p. 1968; 22 Am. and Eng. Encl. Pl. and Pr., p. 967; Brown v. Dean, 123 Mass. 267; Warner v. Railroad, 52 N. Y. 437.

REYBURN, J.—After the reversal and remanding of this case by the court (96 Mo. App. 518) a retrial was had, and a verdict returned for plaintiff, from which defendant has appealed.   Both parties recognized that the chief, if not the sole, issue at the trial was whether the defendant was liable for waste in removing from the premises, hangers, benches, shafting, etc.   The court, in its original charge to the jury, instructed upon the question of damages for waste and injury as follows:

"The court instructs the jury that if they find and believe from the evidence that the defendant rented the premises from the plaintiff, and they or their assignors erected upon such premises an office, flooring, hangers for the shaft and benches to work at and elevator, platform and pulleys, and that the same were erected for and necessary for the business it was carrying on on the premises, then the same did not become a part of the realty, and the defendant was authorized to remove the same, if it could be done without materially injuring the building, and its removal therefrom does not constitute waste.   On the other hand, you are instructed that if you find from the evidence that either the hangers, benches, office or elevator platform and pulleys were in the premises when originally rented from the Malleable Iron

Works, the defendant had no right to remove any such article as was in the building originally, and plaintiff is entitled to recover the reasonable value of any such article which the evidence shows has been removed by the defendant, if any.  If the evidence shows that defendant damaged the building other than by its proper use in the business, then plaintiff is entitled to recover the reasonable value of such damage; that plaintiff can not recover anything for the removal of the heating stoves in this action.''

The court restricted the jury in its finding of the amount of rents and profits, to the period from September 30, 1901 (the end of respondent's term), to January 15, 1902, when the keys of the property were tendered. The jury thereupon returned a verdict finding defendant guilty, and that the complainant had sustained damages, by reason of the premises, to the amount of three hundred dollars, and also that the value of the monthly rents and profits of said tenements was one thousand and fifty dollars.  The court thereupon inquired of the foreman of the jury how they arrived at those figures, and it appearing that the jury did not understand the instructions of the court, or the proper method of expressing a verdict, the court therefore refused to accept said verdict, but gave the jury a supplemental instruction over the objection of defendant, as follows:

''The court instructs the jury that there is no sufficient evidence before them to authorize them in finding the defendant guilty of waste, and they will, therefore, in computing damages, disregard waste.''

After again retiring the jury rendered the following verdict:

''We, the jury, find the defendant guilty in manner and form as charged in the complaint, and do further find that the complainant has sustained damages, by reason of the premises, to the amount of $807.50, and also that the value of the monthly rents and profits of the said tenants is $145.''

Defendant filed a motion for a new trial in due course, but not complainting of the instructions given. In passing upon this motion the circuit court filed the following memorandum:

"The verdict is excessive under the instructions, still I think it may stand under the authority of Williams v. Lane, 62 Mo. App. 66, and Lane v. Ross, 45 N. Y. 795. The court erred in refusing to instruct that plaintiff owned the fixtures, which had been erected by the assignor of the defendant, so the verdict is not excessive under the proper theory."

1.   Under the statutory provisions, the removal of the improvements, repairs and additions specified, which were in the premises when originally rented from the Malleable Iron Works, or constructed by the B. Roth Forge & Machine Company prior to the fifteenth day of March, 1897, when plaintiff executed the lease to defendant's assignors, was waste and injury committed upon the premises recoverable by plaintiff.   R. S. 1899, sec. 3335.   The elaborate discussion of the law governing the removal of fixtures between landlord and tenant, submitted on behalf of defendant, is not applicable, for all rights, if any existed, of removal of such additions or improvements were waived and abandoned by the acceptance from plaintiff by defendant's assignors of the instrument of lease in March, 1897, under which defendant was in possession and which confessedly was silent respecting the removal of such fixtures and property.   The new lease evidenced a new contract of tenancy defining the mutual rights and obligations of the lessor and lessee; the possession of these lessees, from and under whom the defendant claimed, was under the new contract, and in the absence of any reservation of right of removal or claim to the improvements and fixtures, all such rights must be held terminated and relinquished.   Williams v. Lane, 62 Mo. App. 66; Loughran v. Ross, 45 N. Y. 792.

2.   The complaint that the trial court should have received the first verdict without investigating how the result was reached and awarded a new trial, if deemed proper, is not without some force. The functions of that jury are as distinct and independent as those of the court, and the latter should refrain from any encroachment upon the domain of the jury.   Until the rendition and record of the verdict, the jury remained in control of it with power to alter or withdraw it. Proffatt, Jury Trial, sec. 456. The power, however, has long been exercised to correct obvious errors in substance as well as in form. 2 Thompson on Trials, sec. 2642; Proffatt, supra, sec. 457. The rule has been amplified to the extent of authorizing the court, before the recording of the verdict and before the discharge of the jury, and while their relation to the case as jurors continues, to require a reconsideration of the verdict, not merely to correct error or remove obscurity in the verdict but to alter it substantially if the jury so agree.   Abbott's Trial Brief, p. 536, and authorities cited.   In this State, the Supreme Court has held that the court may direct the jury to amend an imperfect or informal verdict, and that in every case the judge should supervise the form and substance of the verdict so as to prevent a doubtful or insufficient finding from passing into the records.   Castell v. Dispatch, etc. Co., 88 Mo. 356.   But it is obvious and unmistakable, that in the verdict first returned, the jury was involved in error and confusion, and what would have been the verdict had the jurors not been so wrapped in perplexity and misconception is beyond the ken of man; the parties are entitled to a clear and intelligent trial and, if by jury, embracing a deliberate verdict absolved from any imputation or suspicion of misapprehension or bewilderment in the mind of any juror in its consideration and rendition.   That such trial may be accorded to and had by them, the judgment is reversed and the cause remanded.   *Bland, P. J.,* and *Goode, J.,* concur.