Hary v. Speer.

JOHN HARY and CLARA HARY, Respondents, v. SPEER, Appellant.

St. Louis Court of Appeals, October 30, 1906.

1. **VERDICTS: Correcting Verdict.** A jury returned a sealed verdict which the court opened and taking out a verdict for defendant signed by the foreman handed the same to the clerk. The clerk read the verdict to which the jury seemed to assent though they looked surprised. The court directed the jury to take their seats in the court room. Within five minutes thereafter, the clerk called the attention of the court to the fact that there was another verdict, for plaintiff, in the envelope. The court thereupon directed the sheriff to recall the jury to the box and on being questioned the jurors stated that the latter was their verdict. The court received the verdict for plaintiff as the verdict in the case and directed it to be filed and recorded. There was no record showing the filing and recording of the first verdict. *Held,* the verdict for plaintiff was properly entered as the verdict of the jury in the case.

2. ———: ———: **Discharge of Jury.** Although the bill of exceptions recites that the court directed the jurors to take their seats in the body of the court room, it will not be presumed that the jury was thereby discharged; on the contrary, from the fact that the record shows a verdict returned in favor of the plaintiff, it will be presumed that verdict was returned before the jury was discharged.

3. ———: ———: ———. A trial court has power, upon proper evidence, to amend a verdict to make it conform to the intention of the jury, even after the jury is discharged; this does not conflict with the rule that the jury has no power to further consider or alter their verdict after being discharged.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*J. L. Secor* and *H. W. Adams* for appellant.

(1) The court had no more authority or power to call these twelve men into the jury box again to consider

a verdict in this case than he had to call any other twelve men from among those summoned for jury service and who, like these twelve, were waiting in the court room the further orders of the court. 17 Am. and Eng. Ency. of Law, p. 1261; Lawn v. Wood, 69 Ill. 282; Richards v. Page, 81 Me. 563; West v. Railroad, 61 Miss. 536; State v. Dawkins, 32 S. C. 17; Mills v. Commonwealth, 7 Leigh (Va.) 721; Champ Spring Co. v. Roth Tool Co., 103 Mo. App. 103. (2) So long as the jury is held intact as such, and while the relation of its members to the case as jurors continues, it has power, under the direction of the court, to correct or change its verdict. But the jury has absolutely no power as such after it has been discharged from the case. It is well established that the court must enter judgment on the verdict as rendered by the jury; and the court has no power to correct or change the verdict, even with the assistance of the twelve men, or any of them, who composed the jury after the jury as such has been discharged from the case. Dyer v. Combs, 65 Mo. App. 148; Champ Spring Co. v. Roth Tool Co., 103 Mo. App. 103; Peake v. Redd, 14 Mo. 79; Nicholson v. Smith, 15 Ore. 200; Settle v. Allison, 8 Ga. 201; Millins v. Christopher, 36 Ga. 584; Bradley v. Rogers, 33 Kan. 120; Walters v. Jenkins, 16 Serg. & R. 414; 16 Am. Dec. 583. (3) When a jury is instructed to return a sealed verdict, the court may, upon opening the verdict in the presence of the jury, instruct the jury to correct an error in the form of the verdict; but it cannot, in such case, instruct the jury to alter the substance of the verdict. Jones v. Bunder, 56 Mo. App. 199; Rogers v. Sample, 28 Neb. 141; Moore v. Merchants, etc., 70 Ill. 210; Childs v. Carpenter, 87 Me. 144; Olwell v. Milwaukee Society, 92 Wis. 330; Spencer v. Williams, 160 Mass. 117; Sulliff v. Gilbert, 8 Ohio 405.

*Perry Post Taylor* and *Martin A. Seward* for respondents.

(1) The first verdict.read by the clerk, was never recorded and hence the court had the right to have entered of record the true verdict (for plaintiff). Kreibohm v. Yancey, 154 Mo. 82. (2) It must be presumed that the verdict (for plaintiffs) entered on the record, was so entered with the consent of the jury. State v. Steptoe, 1 Mo. App. 21. (3) The entire record shows, beyond a doubt that the verdict entered was the verdict agreed upon by the jury and that there had been no opportunity whatever to tamper with the jury. The verdict entered conformed to the real intention of the jury and should be allowed to stand. Acton v. Dooley, 16 Mo. App. 449.

STATEMENT.—The only question presented by the record for decision is the action of the court with respect to receiving the verdict and entering judgment thereon. The case was tried and submitted to a jury just prior to a noon recess in the circuit court. The following, which is conceded by counsel to be a true and accurate statement of the facts pertaining to the controverted point, was dictated into the record by the trial court at the time of its occurrence. We copy verbatim from the bill of·exceptions. Judge Ryan, presiding, dictated as follows:

"Just take this record in the case of John Hary v. R. C. Speer. The jury went out at one o'clock, and after the recess of the court had been taken returned a sealed verdict which at two o'clock the court opened, i. e., the envelope containing the instructions and forms of verdict, and the first paper that caught the court's eye was a verdict, for the defendant, signed by E. J. Ruelbach, foreman. The court assuming this was the verdict of the jury, looked no further into the papers, and had the clerk read the verdict to the jury. The clerk asked

them if this was their verdict, and the clerk now reports to the court the jury seemed surprised and one of them slightly nodded his head, and the clerk, assuming it was their verdict, read it. The court, sitting at the farther end of the bench, did not observe that part of what took place. The court thereupon told the jury to take their seats in the body of the room, and a few minutes thereafter (within five minutes) the clerk called the court's attention to the fact that there was another verdict duly signed, which was in favor of the plaintiff in the sum of $1,220. Thereupon the court directed the sheriff to recall the jurors to the box, and when they had all taken their seats, the court called their attention to the fact that there were two signed verdicts in the case, that the one for defendant had been read, and asked them, through their foreman, which was their verdict. The foreman arose and stated that the verdict for the plaintiff for $1,220 was the verdict that they had rendered and in answer to the court's inquiry how this mistake had occurred in the signing of two verdicts, answered that he could only explain that by saying it was the ignorance of the forms, that he had by inadvertence signed also the verdict for defendant. The court then directed the clerk to read to the jury the verdict in favor of the plaintiff for $1,220, and, in response to a question addressed to them by the court, they all responded that that was their verdict. Thereupon the court received that as the verdict of the jury in the case. No other verdict was ever recorded in minute or record book save the one for plaintiffs."

Upon this state of facts, the exception arises, and the trial court, having refused to set the verdict and judgment aside, on proper motion, the defendant appeals here, insisting that the court erred in its ruling in that behalf.

NORTONI, J. (after stating the facts).—1. It is argued by defendant that the verdict which the court

first discovered among the papers, upon opening the sealed envelope, and read to and in the presence of the jury, is the verdict which the court should have directed filed and recorded in the case and upon which it should have entered judgment. It is urged that the court is without authority to accept the true verdict, as it did, after the first was read to the jury. We are not impressed with the argument advanced. The defendant cites many authorities in support of the proposition, to which we fully accede, that after the jury is discharged by the court, the court has no power to recall it to further consider the case or change or correct the verdict, inasmuch as the jury is without further power over the case after its discharge. [Bond v. Wood, 69 Ill. 282; Richards v. Page, 81 Me. 563; State v. Dawkins, 32 S. C. 17; Mills v. Commonwealth, 7 Leigh (Va.) 751; Walters v. Junkins, 16 Amer. Dec. 585; Settle v. Alison, 8 Ga. 201; 17 Amer. and Eng. Ency. Law (2 Ed.), 1261.] The rule has no application to the facts of this case, however, for two very good and sufficient reasons, the first of which is that there is nothing in the record showing that the jury had been discharged, and second, the jury were not required by the court to make any change in their verdict nor to further consider the case in any respect. It is shown that the court found first upon opening the sealed envelope, a paper in the form of a verdict in favor of the defendant, and signed by one of the jurymen as foreman. The court looked no further and passed it to the clerk who read the same in the presence of the jury and in answer to the query if this was their verdict, one juror nodded his head while the others looked surprised. There is nothing before the court to show that the same was either filed or recorded by the clerk nor is it made to appear that the court directed it to be filed or entered of record or that the court discharged the jury. On the contrary, it is shown not to have been entered of record. It is true the court directed

the jury to take seats in the body of the court room. This may or may not have been done with the purpose of discharging them from the case. It does not appear that the jury was discharged, but on the contrary, it does appear that immediately, within five minutes thereafter, the court discovered, not that the jury had made a mistake in either the form or substance of its verdict, but that the foreman had made a mistake in drafting one form of verdict which he deposited with the papers and that the jury had corrected the error by returning into court a proper verdict along with the one mistakenly drafted by the foreman, and the court had fallen into error by causing to be read the erroneous verdict without looking through the papers where the true verdict was properly contained. Now, in this state of facts, was it proper for the trial court to call upon the jury, all of the members of which were still present and not formally discharged, to aid it in ascertaining which of the two papers was the true verdict? We are persuaded that it was manifestly proper under these circumstances for the court to permit the jury to designate which was the true verdict. In the first place, it is abundantly well settled that the trial court may, before discharging the jury and before recording the verdict, require the jury to correct errors in or to remove obscurities and ambiguities therefrom. The rule is that the jury, under the direction of the court remain in control of their verdict until the same is announced and recorded unless they are discharged by the court prior to that time, in which event, of course, their authority ceases with respect to the case. The verdict is not recognized as final unless the jury are discharged, until it is announced and recorded. [Cattell v. Dispatch Pub. Co., 88 Mo. 356; Walters v. Junkins, 16 Serg. & Rawl. (Pa.) 414; 16 Amer. Dec. 585; Root v. Sherwood, 6 Johns. 68; 5 Amer. Dec. 191; Olwell v. Milwaukee St. Ry. Co., 92 Wis. 330; Childs v. Carpenters, 87 Me. 114;

120 App.—36

Spencer v. Williams, 160 Mass. 17; Champ Spring Co. v. B. Roth Tool Co., 103 Mo. App. 103, 77 S. W. 344; Proffatt on Jury Trial, 456-457; Abbott's Trial Brief, 536; 2 Thompson on Trials, secs. 2642-2643.] It is quite clear that this is the view of the law entertained by our Supreme Court as appears from the ruling in the case of Kreibohm v. Yancey, 154 Mo. 67-79-82, 55 S. W. 260, when the facts upon which that adjudication is rested, are studied. In that case, a verdict had been returned by the jury. It had been viewed by the judge and announced in open court as the verdict and the jury were thereupon evidently dismissed although nothing appears showing their dismissal or discharge, but it does appear that after the verdict was announced, the court directed the sheriff to adjourn court, and while the sheriff was crying, "Oh Yez, Oh Yez," a juror directed attention to the fact that there was yet another verdict. The court then, before adjournment, looked further into the verdicts and after propounding certain questions to the jury, directed them to redraft their verdict and make it conform to their manifest intention, which was done. The Supreme Court held this to be proper and it is quite clear that that court did not regard the facts that the trial court had caused the verdict to be read and announced and the sheriff to proceed toward the adjournment of the court and the consequent dismissal of the jury as operating its discharge within the meaning of the law, for had the jury been discharged, no corrected verdict could have been had, as was done. There are some similarities in both the facts and principles of that case and the case at bar and it may be considered an authority here. This much has been said upon the theory that it was competent for the jury to change their verdict prior to its entry on the record and prior to the discharge of the jury.

2.  But there is another aspect of the question presented. The defendant insists that while no formal order discharging the jury was made, the jury was in fact

dismissed and ordered to take seats in the body of the court room after the first verdict was announced and that in truth this dismissal was and is a discharge from the case as much so as is ever had in the trial court until the record proper is made up by the clerk; that even though the verdict was not recorded, the jury were in fact discharged and therefore they had no further power over the verdict or any connection with the case. We cannot accede to the proposition in this case as presented; first, for the reason it is our duty to be guided by the record before us. This court will never presume error. The presumption to be indulged here is that the trial court did not recall the jury to further participate in the case after it had discharged it therefrom and thus actually severed its connection with the case. The burden is on him who assigns error in the court below to point it out here and it devolves upon the defendant to show that the jury were discharged prior to their recall. This he fails to do. The record on file in this court shows the verdict to have been returned in favor of the plaintiff for $1,220, on which a judgment was entered and nothing appears to the effect that the jury was discharged before this verdict was rendered. It is true the bill of exceptions shows the jury to have been directed to seats in the court room. This of itself does not necessarily involve a discharge and the presumption of law, in the absence of a showing to the contrary, is that the true verdict was returned and entered of record by consent of both the court and jury prior to the discharge of the jury. [State v. Steptoe, 1 Mo. App. 19.]

3. Another phase of the case presented is; for the sake of argument, let us concede the fact contended for by defendant, that the verbal order of the court addressed to the jury directing them to be seated in the body of the court room, amounted to a discharge from the case. Even then, as we understand the law, the court would have authority to amend the verdict so as to make it conform to the real intention of the jury,

provided it in no manner trespassed upon the domain of that body. Such amendments are permitted and have been from the early history of the law, even after lapse of the term at which the case was tried and even after writ of error and joinder in error. It must be remembered in this connection that we are discussing now the power of the court to amend the verdict in conformity with the intention of the jury as appears from the record and evidence before it, and not with the power of the jury to amend or change its verdict after it has been discharged, for it must be conceded that the jury can have no further power or authority thereabout after it has been disengaged from the case by order of the court. It does not follow from this, however, that the court itself has no authority to amend the verdict in conformity with the true intention of the jury when it is made manifest from proper evidence before it that such amendment should be made. [2 Thompson on Trials, sec. 2442; Acton v. Dooley, 16 Mo. App. 441 and numerous cases cited.]

On this question, Judge THOMPSON says: "In an old case the issue was as to two rights of way under which the defendant justified. The jury found specially for the defendant as to one, and for the plaintiff as to the other, but returned a verdict for the defendant as to both, and separated. This verdict was corrected on the affidavit of the jurors. [Cogan v. Edden, 1 Burr. 383.] In a case in New York, the jury delivered in court a verdict *against two* when the verdict which had really been agreed upon was against one and in favor of the other party. It was recorded, and the jury separated. Afterwards, on the same day, on the affidavit of all the jurors, the verdict was corrected and judgment entered thereon. [Dalrymple v. Williams, 63 N. Y. 361.] In a case in the Federal Court, the action was for personal services; the jury returned a verdict for the plaintiff in the sum of $3,500; two days thereafter while counsel for both parties were present, the court directed the

jury to be recalled and they all, on being asked if that was their verdict, answered that it was not, — that their verdict was for $3,500, *with interest.* It was held that the court had power to cause the mistake to be corrected and to render judgment thereon for $3,500 and interest. [Burlingame v. Railway, 23 Fed. 706.] So, where a jury, in an action of replevin, sealed a verdict "for plaintiff to the amount of replevin, with interest," and then separated, and, on bringing it into court after the separation, the court after instructing them to find a verdict in an exact amount, submitted to them a calculation of the amount of the replevin with interest, which amount they accepted and rendered a verdict therefor upon which judgment was entered, —it was held that no error had been committed. [Smith v. Meldren, 107 Pa. St. 348.] So where a paper purporting to be a verdict omits the names of the parties, the record of the court, showing that it was rendered in open court as the verdict, and filed in the case as such, will supply the omission." [Fenn v. Blanchard, 2 Yeats (Pa.) 543; Thames, etc., Co. v. Beville, 100 Ind. 309-312; Thayer v. Burger, 100 Ind. 262; Daniels v. McGinnis, 97 Ind. 549.] See 2 Thompson on Trials, sec. 2643.

This practice of permitting the court to amend the verdict from proper evidence before it so as to carry out the intention of the jury, in no manner conflicts with the rule which forbids the jury to change or alter their verdict after their separation and commingling with outside influences, for in the case now under consideration, the jury were in no sense permitted to change, alter or amend the verdict, it being the court which moved in the premises to that end and not the jury. The distinction lies in the fact that here the jury actually agreed upon, signed and delivered their true verdict prior to their having been permitted to separate and upon being called upon by the court, they were not required after their separation to reconsider, change or to correct the same. The issues were not again committed to their

Powder Mfg. Co. v. Railroad.

care. They were only required to designate to the court from the evidence before it which was the verdict intended by them as a result of deliberations had prior to their separation, and the court from the record before it and the unanimous voice of the jury, could adopt or substitute the true verdict, as it did, as an amendment of that which was erroneous, and enter judgment thereon. It is manifest that the court, predicating its action upon the principle of the adjudications supra, could, from the record and evidence before it, acting as it did almost simultaneously with the occurrence, while the jury were still in its presence, being guided by the unanimous voice of the jury pointing out the verdict which manifested their intention, adopt or substitute that verdict as an amendment of that which was a result of error, even though the jury had been discharged.

The judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.