George S. LYON and Mildred May Lyon, Plaintiffs-Respondents,

v.

J.E. DUNN CONSTRUCTION COMPANY, Defendant-Appellant.

No. WD 36023.

Missouri Court of Appeals, Western District.

April 30, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 2, 1985.

Application to Transfer Denied Aug. 7, 1985.

James H. Ensz, Kansas City, for defendant-appellant.

Stephen R. Gleason, Kansas City, for plaintiffs-respondents.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

BERREY, Judge.

J.E. Dunn Construction Company, appellant, appeals the judgment in favor of George S. and Mildred May Lyon, respondents. The "total damages" awarded by the jury were for the amounts of $13,500.00 for personal injuries, and $4,000.00 for loss of services, respectively. The jury assessed the percentage of fault at 70% on the part of George in verdict form A, and 60% on the part of George in verdict form B. The circuit judge reduced the total damages in accordance with the assessed fault and entered judgment in the amounts of $4,050.00 and $1,600.00. Upon motion by respondents which included an affidavit by the jury foreman, and after a hearing on the motion, the circuit judge amended the original judgment on the basis that it did not reflect the intention of the jurors. Total damages were increased to $45,000.00 and $10,000.00, the fault percentages were applied, and final judgment was entered in the amount of $13,500.00 and $4,000.00. Mildred Lyon's recovery is contingent upon a ruling in favor of George Lyon, therefore, respondents will be referred to as a single respondent for part of this opinion.

Appellant alleges three points of trial court error. Under the first two, appellant claims the court should have sustained a motion to direct the verdict because respondent George Lyon was a "statutory employee" of appellant pursuant to the Missouri Workers' Compensation Act, § 287.-040, RSMo 1978, and was thereby precluded from initiating a cause of action in common law or because there was no substantial evidence presented at trial showing the damages were caused by negligence of the appellant. In the event of adverse rulings on the aforementioned points, appellant claims the trial court erred by increasing the amount of damages awarded by the jury after the jury was discharged and requests reinstatement of the original verdict.

Disposition of appellant's first point is controlled by resolution of the following question: Where a general contractor contracts with a supplier for the sale and delivery of concrete to the site of a building under construction, is the employee of the concrete company, as the actual delivery man, to be considered a statutory employee of the general contractor for the purpose of § 287.040, RSMo?

The facts relevant to this particular issue are admittedly undisputed, the only question being whether the facts give rise to statutory employment.

Respondent's employer, Houseman Ready-Mix, was the successful bidder for the supply of concrete which was to go into a building being constructed by appellant. Respondent delivered the Houseman Ready-Mix concrete, in a truck owned by Houseman Ready-Mix, to the building site. He backed the truck to appellant's cement pump, then got out of the truck and pulled a lever to unload the cement into the hopper, a part of appellant's pump. After a minute or two, the pump became clogged and as appellant's employee attempted to unplug the pump, a pipe came loose from the pump striking respondent in the back.

Before an employee can be held a statutory employee under § 287.040.1, the evidence must show (1) the work being performed was under contract, (2) the injury occurred on or about the premises of the alleged statutory employer, and (3) at the time of the injury, the employee was engaged in work which was an operation of the usual business of the alleged statutory employer. *Wallace v. Porter DeWitt Con-*

*struction Company,* 476 S.W.2d 129, 131 (Mo.App.1971). If respondent was a statutory employee of appellant, then his exclusive remedy would be under Workers' Compensation Law. In the instant case the existence of the first two elements is clear. Appellant and Houseman Ready-Mix agreed that concrete was to be delivered to the construction site, and respondent was on appellant's premises when the injury occurred. The dispute arises when we consider whether appellant was engaged in work which was an operation of the usual business of the employer.

Each case is determined upon its own particular facts as there is no "litmus paper" test for determining what particular work is within the scope of the operation of usual business. *Ferguson v. Air-Hydraulics Company,* 492 S.W.2d 130, 135–36 (Mo. App.1973). In overruling appellant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, the trial court concluded that the operation of the usual business of J.E. Dunn Construction Company did not include delivery of concrete. Appellant counters with the notion that the usual business of appellant includes the "providing of all labor and materials necessary to the construction of commercial buildings, a significant element of which is concrete." *Wallace v. Porter DeWitt Construction Company, supra,* thoroughly discusses the insensibility of relying on any single rule purporting to govern any given situation and suggests that the more rational approach would be to "turn to a faithful application of the statute, as written and intended, by recognizing the real roles and relationships of the parties." *Id.,* at 134. We conclude that in the instant case, appellant's business was in part to purchase and obtain materials necessary for construction and respondent's employer's business was to sell and deliver a portion of those materials, to wit: concrete. The cases cited by appellant are clearly distinguishable and warrant no discussion.

Appellant's first point is denied.

Appellant next claims the jury verdicts should have been directed because there was no substantial evidence presented at trial that respondent's injuries were caused by appellant's negligence. In determining whether or not substantial evidence was presented, this court must view the evidence in the light most favorable to the plaintiff-respondent, in whose favor the verdict was rendered, accept as true all evidence of the respondent which is not entirely unreasonable, and give the respondent the benefit of all favorable inferences. *Epple v. Western Auto Supply Co.,* 548 S.W.2d 535, 538 (Mo. banc 1977).

Respondent herein sought to prove there was a defective coupling on appellant's concrete pump and as a result the pump was not reasonably safe, and that appellant knew or could have known of the condition by use of ordinary care, but failed to use ordinary care to either correct the condition or warn respondent.

The evidence shows respondent was struck by a pipe which had come loose from the pump at a junction where a coupling was located. John Dickson, the only eyewitness and an employee concrete truck driver of Houseman Ready-Mix, testified the coupling "came loose" or "failed" and the pipe had to have come loose from the coupling. He did not know whether the coupling had broken or whether the failure had something to do with the adjustable tension clamp. Dickson also testified that in August of 1977, that particular pipe had no safety chain and about half the pumps to which he hauled concrete had safety chains to control how far the pipe could travel.

Paul Sparks, the concrete pump operator, a past employee of appellant, testified on direct examination that the coupling was the most troublesome part of the pump. He said the coupling had to be replaced at least every two months. When that part wore out or broke, there were no warning signs, such as oozing concrete. Sparks was also struck by the pipe at another construction site, St. Joseph Hospital. There is evidence which shows this accident occurred prior to the time respondent was struck. Sparks testified his accident oc-

curred before the "main hospital" was completed and another witness testified appellant poured no concrete on the main hospital after April, 1977.

Sparks' supervisor, Jesse Hunt, testified that Sparks was the operator of the pump on the day of respondent's injury.

Respondent testified no one had warned him of the danger with regard to the pump.

Appellant argues that where evidence connecting the injury to the negligence amounts to mere conjecture and speculation, the court should not allow the case to go to the jury. *Lange v. Marshall*, 622 S.W.2d 237, 238 (Mo.App.1981); *Clymer v. Tennison*, 384 S.W.2d 829, 837 (Mo.App. 1964). Appellant poses the question, "If there is no evidence as to what caused the pipe to come loose at the coupling location, how can appellant be charged with failure to exercise ordinary care in allowing the pipe to become detached?" Appellant contends the speculation as to how or why the pipe came loose is a fatal flaw of respondent's case.

However, respondent presented evidence sufficient to sustain his burden by showing the coupling had a tendency to loosen or fail, for whatever reason, and appellant knew of this because an employee, Sparks, had been a victim of the flying pipe, and appellant failed to either minimize the danger by use of a safety device or warn respondent, who was unwary of the wayward coupling.

Appellant's second point is denied.

Appellant's third point arises from events leading to the final judgment entry by the circuit judge. On March 1, 1984, the circuit judge read verdict forms A, pertaining to respondent George, and B, pertaining to respondent Mildred.[1] The forms read in part:

> On the claim of plaintiff GEORGE S. LYON against defendant J.E. DUNN CONSTRUCTION COMPANY we, the undersigned jurors, find in favor of:

Plaintiff, GEORGE S. LYON or

Defendant, J.E. DUNN CONSTRUCTION COMPANY

Note: Complete the following paragraph only if the above finding is in favor of plaintiff GEORGE S. LYON.

We, the undersigned jurors, find the total damages of plaintiff GEORGE S. LYON to be $_____.

Note: Complete by writing in the percentage of fault you assess to each of those named below. If you believe any of those named below is not at fault, write in "zero" for that percentage. The total of the percentages you assess must be 100%.

We, the undersigned jurors, assess the percentages of fault as follows:

| | |
|---|---|
| GEORGE S. LYON | _____ |
| J.E. DUNN CONSTRUCTION COMPANY | _____ |
| TOTAL | _____ |

During closing argument, respondents' attorney requested the jury award damages in the amounts of $45,000.00 and $10,000.00 to George and Mildred, respectively.

The jury returned its verdicts finding the total damages of respondents George and Mildred to be $13,500.00 and $4,000.00 respectively. The jury assessed the percentage of fault as 70% on the part of George in verdict form A and 60% on the part of George in verdict form B. The circuit judge asked the jury if the verdicts were their personal verdicts to which they responded "yes." The jury was discharged and the cause was adjourned. The circuit judge entered judgment in the amounts of $4,050.00 and $1,600.00 after reducing the total damages amounts by the percentage of assessed fault.

Approximately two weeks after entry of the judgment, respondents filed a "Motion to Amend the Jury's Verdict" on the basis that the judgment did not reflect the intent of the jurors. The motion was accompa-

---

1. Forms A and B are identical except for the names of the respondent-plaintiffs. The circuit judge designated the form as "36.02 modified as recommended by the M.A.I. Committee, published in January 31, 1984, West Advance Sheet for Missouri cases" in light of the Missouri Supreme Court's adoption of the comparative negligence doctrine.

nied by the affidavit of the jury foreman stating that eleven of the jurors, including herself, intended that George *actually* receive $13,500.00 and Mildred actually receive $4,000.00 after applying the percentages. The circuit judge granted an oral hearing on the motion wherein the evidence was the foreman's testimony coupled with the fact that the amounts entered by the jurors as "total damages" was exactly the amount which would have been awarded had the jury entered the amount respondents asked for in closing argument. The circuit judge "amended" the verdict "to conform to the actual intentions of the jury" by entering total damages in the amounts of $45,000.00 and $10,000.00.

The law is clear that:

No one is competent to impeach a verdict by the making of an affidavit as to matters inherent in the verdict, such as that the juror did not understand the law as contained in the court's instructions, or that he did not join in the verdict, or that he voted a certain way due to a misconception of the evidence, or misunderstood the statements of a witness, or was mistaken in his calculations, or other matters "resting alone in the juror's breast."

*Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434, 439 (Mo. banc 1984); citing *Baumle v. Smith*, 420 S.W.2d 341, 348 (Mo.1967).

 Respondent asserts the verdict form itself was ambiguous and therefore the "amendment" should be sustained. Although it is true that the amendment of a verdict which is ambiguous on its face or in light of the record is not considered a direct impeachment, *Elmore v. Owens-Illinois, Inc., supra; Federal Cold Storage Co. v. Pupillo*, 139 S.W.2d 996 (Mo.1940); *Hays v. Hogan*, 273 Mo. 1, 200 S.W. 286 (1917); *Hary v. Speer*, 120 Mo.App. 556, 97 S.W. 228 (1906), we conclude that there is no ambiguity to the form. "Total damages" means the total damages sustained by respondent and not the portion to be received after assessing fault. As in *Elmore*, there is "nothing in the record, aside from the

affidavits, that casts any suspicion on these verdicts." *Id.*

Appellant's point three is sustained. The trial judge should not have increased the verdicts, and, as in *Elmore*, they should be reinstated as originally entered. The cause is remanded to the circuit court with directions to reinstate the verdicts of the jury and to enter judgment thereon for $4,050.00 in favor of George S. Lyon and $1,600.00 in favor of Mildred May Lyon. In all other respects, the judgment is affirmed.

All concur.