Rick L. WOOD, Appellant,

v.

The PROCTER & GAMBLE MANUFACTURING COMPANY, Respondent.

No. 57260.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

Roy Cameron Dripps, III, Alton, for appellant.

Gary L. Mayes, St. Louis, for respondent.

DOWD, Judge.

Plaintiff appeals the dismissal of his personal injury action for lack of subject matter jurisdiction. We affirm.

The evidence most favorable to the lower court's decision is as follows. At the time of the injury, defendant-respondent Procter & Gamble operated a plant in St. Louis City where it manufactured soap and other household products. Respondent maintained silos at this plant to store materials necessary for its manufacturing. In 1987, moisture entered silo 710, which contained a dry chemical in powdered form, causing a three foot thick layer of the chemical to cake onto the interior walls of the silo. The hardened chemical had a consistency similar to concrete. Such caking had previously occurred at respondent's facility and respondent's employees had cleaned out those silos. The caking on silo 710 was greater than normal, however, and respondent contacted Odesco, appellant's employer, to submit a bid on cleaning the silo. Odesco was in the business of industrial cleanup. The bid submitted at this point was high and respondent decided to proceed with the cleanup using its own employees. Respondent's employees vibrated the silo to loosen the materials then drained the loose chemical from the silo. After working on the silo for a month, much of the material had been extracted, but the three foot caking still covered parts of the silo walls. Respondent then asked Odesco to submit another bid for the remaining cleanup. This bid was accepted.

On Friday November 13th, 1987, Odesco sent appellant and Steven McAffee to clean out silo 710. Respondent's employees had cut an entryway into the side of the silo about thirteen feet from the ground and had erected scaffolding to reach the hole from the outside of the silo. On the inside of the silo, the floor was covered with hardened chemical and more hardened

chemical caked the walls to a height of about fifteen feet. Appellant began working inside the silo with a jackhammer, breaking off chunks of hardened material from the wall and handing them through the entry hole to Steve McAffee who deposited them into barrels on the ground. Although he attempted to position himself to avoid any falling chunks of material, appellant was injured when the entire deposit covering the walls fell on him.

Appellant filed and recovered in a workmen's compensation suit against Odesco and also filed a tort action against respondent. Respondent filed a motion to dismiss for lack of subject matter jurisdiction. This motion was based on section 287.040, RSMo 1986, regarding statutory employment. Under that section, an employer who hires an independent contractor can be considered the employer of the independent contractor's employees for purposes of workmen's compensation law. If the statute applies, workmen's compensation is the only remedy the statutory employee has against the statutory employer for a job-related injury and the courts have no subject matter jurisdiction to hear any common law suit concerning the injury. *Asberry v. Bannes–Shaughnessy, Inc.*, 734 S.W.2d 250, 252 (Mo.App.1987). The court granted the motion and this appeal follows.

■ Appellant has also filed a motion to strike certain depositions presented to this court by respondent because the depositions were never presented to the trial court. A deposition not offered in evidence in the lower court cannot be considered on appeal. *National Indemnity Co. v. Liberty Mutual Ins. Co.*, 513 S.W.2d 461, 468 n. 8 (Mo.1974). Consequently appellant's motion to strike the depositions of Rick Wood, Harold Harper and Larry Enz must be granted. *Meiners Co. v. Clayton Green Nursing Center*, 645 S.W.2d 722, 724 (Mo. App.1982). These depositions are not considered in this opinion.

Appellant claims that respondent failed to meet its burden of proof on the issue of statutory employment.[1] The standard of proof in such cases is that the movant must demonstrate a lack of jurisdiction by a preponderance of the evidence. *Id.* The statute in question provides that:

1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

2. The provisions of this section shall apply to the relationship of landlord and tenant, and lessor or lessee, when created for the fraudulent purpose of avoiding liability, but not otherwise. In such cases the landlord or lessor shall be deemed the employer of the employees of the tenant or lessee.

3. The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

4. In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attor-

---

**1.** Appellant argues that the motion to dismiss for lack of subject matter jurisdiction became a motion for summary judgement, with a higher burden of proof, because affidavits and deposi- tions were filed. This claim is erroneous because under Rule 55.28, the trial court is empowered to entertain affidavits and depositions upon Rule 55.27 motions.

ney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer.

§ 287.040, RSMo 1986.[2] The purpose of the statute "is to prevent an employer from evading workmen's compensation liability by hiring independent contractors to perform the usual and ordinary work which his own employees would otherwise perform." *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 534 (Mo. banc 1988) (quoting *Miller v. Municipal Theatre Ass'n of St. Louis*, 540 S.W.2d 899, 906 (Mo.App.1976)).

■ The courts have abstracted three elements from the statute which are necessary to finding a statutory employer-employee relationship: 1) the work was performed pursuant to a contract; 2) the injury occurred on or about the premises of the statutory employer; and 3) the work was in the usual course of business of the statutory employer. *Asberry v. Bannes–Shaughnessy, Inc.*, 734 S.W.2d at 252. Missouri courts have used additional factors to determine whether the above elements have been met: the right of the employer to control the employee, the right of the employer to replace the employee, whether the work was incidental to the business rather than in furtherance of the usual course of business, and whether the work was "isolated occasional specialty work." *Rouge v. St. Charles Speedway*, 733 S.W.2d 854, 855 (Mo.App.1987). When attempting to determine the application of section 287.040, however, each case must be determined on its own facts and the court must recognize the "real roles and relationships" of the parties as they relate to the purpose of the statute. *Lyon v. J.E. Dunn Const. Co.*, 693 S.W.2d 169, 171 (Mo. App.1985).

The evidence before the court clearly supported a finding of statutory employment under this standard. It indicated that cleaning out silos between uses was a normal part of respondent's business operations. The deposition of respondent's employee Lloyd Murphy, although containing some language to the contrary, supported the overall conclusion that respondent hired Odesco to finish this unusual cleanup because it could not spare manpower for the task, not because respondent was unable to undertake the cleanup. In his deposition, Richard Mueller testified that respondent called in Odesco because of what was "largely a manpower problem." A third employee of respondent, Brenda Bax, executed an affidavit succinctly stating that "P & G's [Procter & Gamble's] employees ordinarily would have completed that cleanup job themselves. However, the cleanup job for silo 710 was taking a fairly lengthy period of time, requiring a significant amount of manpower and adversely affecting production activities. For that reason P & G hired Odesco to conclude the cleanup process."

This situation clearly fits into the purpose of the statute because respondent hired Odesco to do work its own employees would otherwise have done. Admittedly the extent of crusting in silo 710 created an unusual situation, but the fact that this problem was worse than normal does not render it isolated, occasional specialty work when the general task is within respondent's usual business, respondent's employees could have completed the task, and respondent's employees did in fact conduct part of the task.

Appellant also attempts to argue that the work was not in respondent's usual course of business because it was not necessary to respondent's operations and cites *Lyon v. J.E. Dunn Const. Co.*, 693 S.W.2d 169 (Mo. App.1985). In support, appellant argues that respondent continued to produce other products. The product dependent on silo 710, however, was delayed. The work was necessary to that part of respondent's business; the fact that respondent conducted other business is immaterial.

---

**2.** We note that the independent contractor exception of subsection three does not apply to the case at bar because the work involved did not constitute erection, demolition, alteration or repair of improvements upon land.

■ Appellant also challenges the statutory employer-employee relationship because of the control factors mentioned above. Specifically, he argues that respondent did not control appellant's work nor did it have the power to fire or replace appellant. These control factors, however, are not statutory elements of section 287.-040 and it has been recently held that lack of control is consistent with statutory employment. *Shaver v. First Union Realty Management,* 713 S.W.2d 297, 299 (Mo. App.1986). In addition, the most recent Missouri Supreme Court case on this issue, *McGuire v. Tenneco, Inc.,* 756 S.W.2d 532 (Mo. banc 1988), did not mention this factor in applying statutory employer status to a business that had hired an independent contractor. We refuse to hold that these control factors are necessary to finding a statutory employer-employee relationship.

Appellant also claims that the requirements of the statute were not met in that the work contract did not contain a delegation of respondent's usual course of business. The document submitted as a written contract merely describes the activity as "work on 710 silo."

■ The statute itself requires that the work in question be done under contract. § 287.040, RSMo 1986. At one time, the courts interpreted this to require a contract delegating a duty in the employer's usual course of business. *Green v. Crunden Martin Mfg. Co.,* 575 S.W.2d 930, 933 (Mo. App.1978). In 1988, however, the Missouri Supreme Court repudiated this requirement, holding that delegation is not an element of the statute and that the contract is sufficient if "duties routinely performed by the employer are assigned." *McGuire v. Tenneco, Inc.,* 756 S.W.2d 532, 535 (Mo. banc 1988). The court also held that the contract need not be written; express, implied or oral contracts will suffice. *Id.*

While the document presented in this case is admittedly vague, the evidence leaves no doubt that respondent entered into a contract assigning to Odesco duties routinely performed by respondent's em-

ployees. The contract requirement of section 287.040.1 was clearly met.

■ Finally, appellant claims that the trial court erred in failing to strike the affidavit of Brenda Bax because the affidavit was improper under Rule 74.04(e). The appellant claims that the affidavit was based on conclusions and matters not within the personal knowledge of affiant and that the affidavit fails to have attached sworn or certified copies of the records referred to in the affidavit. Rule 55.27 provides that the defense of lack of subject matter jurisdiction may be made by motion. Mo. Rule 55.27(a). Further, Rule 55.28 provides that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties." Rule 55.28. However, Rule 55.28 does not specify any requirements regarding the affidavit. Therefore, we shall look to Rule 74.04(e) for guidance. Rule 74.04(e) requires that:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

The Supreme Court of Missouri previously held in *Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59 (Mo. banc 1988), that an affidavit as to criminal activity at a shopping center was not improper under Rule 74.04(e) which requires that the affidavits be based on affiant's personal knowledge. *Id.* at 63. Although the affiant stated that he reviewed police records to locate information concerning prior crimes at the shopping center, he also stated that the facts listed in the affidavit were based on personal knowledge. *Id.*

The affidavit of Brenda Bax contains a statement that it was made from personal knowledge. Specifically it states: "This affidavit is based upon my personal knowledge and upon a review of the records of P & G." There is nothing in the record indicating that the volume of Procter & Gam-

ble records was so great that the affiant could not have personal knowledge of the manufacturing or clean-up processes discussed. Further, since Brenda Bax was employed as a "Team Manager" in the "Making Synthetic Granules Department", she had access to and made use of admissible evidence in the form of business records pertaining to the operations of silo 710. Therefore, it is apparent that Brenda Bax was competent to make the affidavit because she was basing her statements upon personal knowledge.

Since Brenda Bax's affidavit was based upon personal knowledge, sworn or certified copies of the records reviewed are unnecessary. In addition, the relevant business reports applicable to the portion of Brenda Bax's affidavit in question can be found in the record. Copies of these records attached to the affidavit would be mere redundancies. The records do not substitute for the affidavit, and the error, if any, in admitting the affidavit without the attached sworn or certified copies of the records referred to is non-prejudicial.

Appellant adds that the trial court erred in refusing to provisionally deny respondent's motion until appellant had a chance to cross-examine Ms. Bax at her already-scheduled deposition. However, we know of no authority requiring the trial court to enter such an order and the appellant cites no controlling authority for this proposition.

The record reveals no error in the trial court's holding that there was no subject matter jurisdiction because section 287.040 applied and thus workmen's compensation law prohibited this tort action. The dismissal of appellant's cause of action is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.

1. All references to statutes are to Revised Stat-  utes of Missouri, 1986, unless stated.