Harry STAGGS, Claimant,

v.

**VENETIAN HARBOR COMPANY,**
Employer.

No. 59045.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1991.

Rehearing Denied Aug. 29, 1991.

Thomas P. O'Driscoll, St. Louis, for claimant.

Robert T. Hart, St. Louis, for employer.

PUDLOWSKI, Presiding Judge.

Appellant-claimant, [hereinafter claimant], appeals the Labor and Industrial Relations Commission majority's affirmance [1] of the Administrative Law Judge's denial of his Workers' Compensation benefits claim. We affirm.

Contrary to the Administrative Law Judge's finding that the facts were not disputed, the Commission majority found the facts to be in dispute and claimant's hearing testimony not credible as it "varied" from his deposition testimony. The Commission found the facts conflicting about how claimant first came to work for Mr. Speilman, the owner of respondent, Venetian Harbor Company. Claimant's hearing testimony asserts that a friend brought him to Speilman's personal residence to do some window washing. Claimant's depositional testimony, states that he first met Speilman while soliciting painting work door to door.

Completing his chores at Speilman's home, claimant was retained to paint respondent's marina in May or June 1985. It was agreed that claimant would be paid five dollars per hour until the painting was finished. There is a discrepancy between the deposition, where claimant stated that there were no set hours when he was supposed to report to Venetian Harbor, and the hearing transcript, where claimant testified that he was to report on a daily basis from 7:00 to 3:30. There is also some inconsistency between claimant's respective deposition and hearing testimony over whether he hired his brother-in-law or Speilman hired him to assist in the painting. It is undisputed, however, that claimant was not required to punch a time clock. Instead, he was to keep his time on slips of paper and turn them in every Friday.

The extent of respondent's control over claimant's painting varies. Claimant's deposition stated that no instructions were given on painting. The hearing transcript, however, contained testimony that instructions were given on where, what, and how to paint certain buildings. It is undisputed that claimant only possessed brushes and rollers; all other equipment, including ladders, was provided by respondent.

On June 13, 1985, claimant fell from a ladder while painting the water-side of respondent's marina. He fractured his right foot when he landed on the float, which was supporting the ladder. After notifying a marina employee of the injury, claimant was taken to the hospital where the injured extremity was placed in a cast. Follow-up treatment was provided and he was released to full duties 9 weeks later after incurring medical expenses of $384.64. Both claimant and respondent submitted expert medical opinions rating his right ankle disability at 25 and 20 percent, respectively.

The Administrative Law Judge determined that claimant was an independent contractor and denied his claim to workers' compensation benefits. The Labor and Industrial Relations Commission affirmed that award as supported by competent and substantial evidence and in accordance with the Missouri Workers' Compensation Law.

The scope of appellate review in Workers' Compensation cases is specifically limited to the four grounds specified in § 287.495 RSMo 1986. *Katzenberger v. Gill,* 690 S.W.2d 473, 475 (Mo.App. 985). The Commission alone resolves issue con-

---

1. The Honorable Robert Fowler, Commissioner, dissented.

cerning the credibility and weight to be given to conflicting evidence. *Ford v. Bi-State Development Agency*, 677 S.W.2d 899, 901 (Mo.App.1984). So, we may not substitute our judgment for the Commission's upon issues of fact. *Barnes v. Ford Motor Company*, 708 S.W.2d 198, 199 (Mo. App.1986). When passing on the sufficiency of evidence, we must review the record in the light most favorable to the findings to determine whether there is sufficient competent evidence to support the Commission's conclusions. *Petersen v. Central Pattern Co.*, 562 S.W.2d 153, 155–156 (Mo. App.1978).

■ The issue presented is whether claimant is a statutory employee entitled to receive Workers' Compensation benefits or was he an independent contractor. The line between employment and independent contractor is not a bright one. *Cope v. House of Maret*, 729 S.W.2d 641, 642 (Mo. App.1987). Furthermore, the limited scope of our review requires us to defer to the Commission's finding claimant an independent contractor if supported by substantial evidence.

■ The Commission apparently relied on claimant's deposition testimony for its evidence.[2] The deposition facts supporting the Commission's denial were that claimant solicited his painting services door to door, was hired for the sole purpose of painting the marina and performed no other tasks, was given little instruction other than where to paint, and listed himself as his employer on his 1985 tax return. Although there was evidence from the hearing to contradict these facts,[3] we are constrained not to substitute our judgment and must defer to the Commission's determination that these were the credible facts. Under that constraint, we find substantial evidence of claimant being an independent contractor.

■ A conclusion that claimant was an independent contractor does not dispose of the issue, however, because his injury may still be compensable if he meets the requirements of a "statutory employee." § 287.040 RSMo 1986. The party claiming statutory employee status has the burden of pleading and proving that status. *Rouge v. St. Charles Speedway*, 733 S.W.2d 854, 855 (Mo.App.1987). The elements to be proven are: (1) the work must be performed pursuant to a contract; (2) the injury must have occurred on or about the premises of the alleged statutory employer; and (3) the alleged employee must have been performing work which was in the usual course of business of the employer. *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 534 (Mo. banc 1988).

The first two requirements are obviously satisfied because there was a contractual agreement to paint the marina and the injury occurred on respondent's marina. The narrow issue here is the third requirement of whether painting is in the usual course of business of this marina.

■ In order to determine whether ancillary tasks fall within an entity's usual course of business the relevant factors are whether the work was incidental rather than in furtherance of the business, *Wood v. Procter & Gamble Mfg. Co.*, 787 S.W.2d 816, 819 (Mo.App.1990); whether the work would have been regularly performed by an employee of the business, *McGuire*, 756 S.W.2d at 536; and whether the work involved is isolated specialty work, *Saale v. Alton Brick Company*, 508 S.W.2d 243, 248 (Mo.App.1974). Furthermore, "each case must be determined on its own facts and the courts must recognize the 'real roles and relationships' of the parties as they relate to the purpose of the statute." *Wood* 787 S.W.2d at 819 (quoting *Lyon v.*

---

2. Although the Commission found "claimant's testimony in deposition to be more credible than that given at trial," it never *explicitly* stated whether the deposition facts were the basis for the denial. Final Award Denying Compensation to Harry Staggs, Labor and Industrial Relations Commission Injury No. 85–157477 at 2 (June 13, 1985).

3. For example, although there is evidence claimant is a house painter contractor, how can he paint houses if he has no ladders!

*J.E. Dunn Const. Co.*, 693 S.W.2d 169, 171 (Mo.App.1985)). That purpose is to prevent employers from evading Workers' Compensation liability by hiring independent contractors to perform the usual and ordinary work which one's own employees would otherwise perform. *McGuire*, 756 S.W.2d at 534.

■ There were not sufficient facts developed in the record to determine whether the painting work performed by claimant satisfied the factors of the usual course of business requirement. Neither the deposition facts, considered by the Commission, nor the hearing testimony furnish any evidence of whether this work was in furtherance of the marina business, was regularly performed by marina employees, or was isolated specialty work. The only evidence before us was the testimony of the claimant and the medical testimony. There was no testimony of the owner of the marina or its employees. The claimant failed to satisfy his burden of proving a statutory employee status.

Affirmed.

KAROHL and GRIMM, JJ., concur.