Darrick COLLIER, Sr., Plaintiff/Appellant,

v.

Jimmie R. MOORE, Defendant/Respondent.

No. ED 76471.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 15, 2000.

Matthew Paul Brookman, Law Firm of Herzog, Crebs & McGhee, St. Louis, for appellant.

Thomas Paul Traube, Law Office of Sorrell & Traube, St. Louis, for respondent.

SHERRI B. SULLIVAN, Judge.

Darrick Collier, Sr., ("Plaintiff") brought a civil action asserting negligence against

Jimmie R. Moore ("Defendant"). Plaintiff appeals from an order granting Defendant summary judgment based on workers' compensation exclusivity. We affirm as modified.

In December 1997, Trans World Airlines ("TWA") employed both Plaintiff and Defendant. Defendant was employed as a supervisor. On December 4, 1997, both Plaintiff and Defendant were on duty at Lambert St. Louis International Airport. At approximately 8:00 p.m. and during a snowstorm, Defendant received a radio call from a crew chief requesting Defendant's presence at Gate 47. Defendant proceeded to drive in a TWA Ford Aerostar on the outside concourse from Gate 25 to Gate 47. While on route and traveling at about ten miles per hour, the front of Defendant's vehicle struck the side rear of Plaintiff's vehicle at Gate 41, causing Plaintiff to be ejected from his vehicle. Plaintiff was operating a TWA "baggage tug."

Plaintiff's original petition alleged that Defendant was negligent in the following manners: (1) Defendant failed to keep a careful lookout; (2) Defendant was traveling at a speed too fast for the existing conditions; and (3) Defendant failed to stop, swerve, slow down or sound a horn to avoid a collision. Plaintiff's amended petition, filed after Defendant's Motion for Summary Judgment, further alleged that Defendant "negligently made the decision to, and then did, drive his vehicle in a snowstorm in which he knew that he had inadequate visibility to avoid accidents with personnel on the ramp area, thereby affirmatively causing and increasing risk of injury to Plaintiff." The trial court granted Defendant's Motion for Summary Judgment.

In addition to this action, Plaintiff brought a workers' compensation claim against TWA, and there is no dispute that the accident falls under the Workers Compensation Act ("Act") as it applies to TWA.

A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise a workers' compensation exclusivity defense. *James v. Union Elec. Co.*, 978 S.W.2d 372, 374 (Mo.App. E.D. 1998). Regardless of the manner in which it is raised, when a workers' compensation exclusivity defense is raised, the trial court must initially treat it as a motion to dismiss for lack of subject matter jurisdiction. *State ex rel. J.E. Jones Constr. Co. v. Sanders*, 875 S.W.2d 154, 157 (Mo.App. E.D.1994). The trial court granted Defendant's Motion for Summary Judgment based on a workers' compensation exclusivity defense, although it should have dismissed the case.

When a workers' compensation exclusivity defense is raised, the summary judgment standard, i.e., whether a genuine issue of material fact exists, is not the appropriate standard of review. *James*, 978 S.W.2d at 374. Rather, the motion to dismiss should be granted where it appears, by a preponderance of the evidence, that the trial court lacks subject matter jurisdiction because of workers' compensation exclusivity. *Id.* Although the party raising the defense has the burden to prove lack of jurisdiction, the quantum of proof required is not high. *Id.* In determining whether it has jurisdiction, the trial court may consider affidavits, exhibits, and evidence pursuant to Rules 55.27 and 55.28.[1] *Burns v. Employer Health Serv., Inc.*, 976 S.W.2d 639, 641 (Mo.App. W.D. 1998).

Where a question of jurisdiction is in doubt, it should be resolved in favor of the Labor and Industrial Relations Commission ("Commission"). *James*, 978 S.W.2d at 374. The determination of whether a case falls within the Commission's exclusive jurisdiction is a question of fact. *Burns*, 976 S.W.2d at 641. When a court's jurisdiction depends on a factual determination, the decision should be left to the sound discretion of the trial judge.

---

1. All rule references are to Mo. R. Civ. P.1999, unless otherwise indicated.

*Id.* Thus, this Court's review is for an abuse of discretion. *Id.* The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is "so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Id.*

 This Court reviews the merits of Plaintiff's point on appeal because lack of subject matter jurisdiction may be raised at any time during a proceeding, even for the first time on appeal. *Brunig v. Humburg,* 957 S.W.2d 345, 348 (Mo.App. E.D. 1997).

Plaintiff argues that the trial court erred in granting Defendant's Motion for Summary Judgment on the grounds that Defendant was immune from civil liability under the Act because it did not apply the appropriate test of whether Plaintiff had alleged an affirmative act of negligence against a co-employee that went beyond that co-employee's duty to provide a safe workplace.

Section 287.120[2] provides in part that every employer subject to the Act is liable for personal injury of an employee by accident arising out of or in the course of his or her employment. The section also provides in part that the rights and remedies granted to an employee under the Act are exclusive and preclude all common-law remedies except those not provided for by the Act.

 We have extended an employer's immunity from common-law liability granted under Section 287.120 to a supervisor chosen to implement the employer's non-delegable duty to provide a reasonably safe work environment charged with failure to fulfill that duty. *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 180 (Mo.

App. E.D.1982). Thus, an injured employee's exclusive remedy for a supervisor's failure to discharge this duty lies within Section 287.120 of the Act, and the supervisor is immune from personal liability. *Davis v. Henry,* 936 S.W.2d 862, 864 (Mo. App. E.D.1997). However, where an injured employee charges a supervisor chosen to implement the employer's duty to provide a reasonably safe work environment with "something more" than simply a failure to fulfill that duty, the supervisor may be held personally liable under Section 287.150.[3] *Badami,* 630 S.W.2d at 180.

Although in *Badami* we concluded that the extent and nature of the "something more" must be determined on a case-by-case basis, 630 S.W.2d at 180–181, in *Craft v. Scaman,* we held that the "something more" includes any affirmative act, taken while the supervisor is acting outside the scope of the employer's duty to provide a reasonably safe work environment, that breaches a personal duty of care the supervisor owes to a fellow employee. 715 S.W.2d 531, 537 (Mo.App. E.D.1986); *see also Kelley v. DeKalb Energy Co.,* 865 S.W.2d 670, 672 (Mo. banc 1993). In *Craft,* we concluded that when the defendant assisted the plaintiff in attempting to fix a broken machine, "he had indisputably doffed his supervisory cap and donned the cap of a co-employee." 715 S.W.2d at 537–538.

 Those circumstances are not present here. Responding to a crew chief requesting his presence did not remove Defendant from his supervisory role. Rather, by responding to the request, Defendant was acting as a supervisor. Defendant testified that "[w]hen a crew chief has something that he feels he can't handle or make a decision on himself, he calls a

---

**2.** All statutory references are to RSMo 1994, unless otherwise indicated.

**3.** Section 287.150 provides in part that "[w]here a third person is liable to the employee... for the injury... the employer shall be subrogated to the right of the employee...

against such third person...." A co-employee is a "third person" within the meaning of Section 287.150, and he or she may be sued by an injured co-employee for his or her negligence resulting in the compensable injury. *Badami,* 630 S.W.2d at 177.

supervisor." Defendant also testified that, although other options were available to him, the manner in which he chose to respond to the crew chief's request was standard operating procedure and TWA policy. *See Kelley,* 865 S.W.2d at 672 (concluding that the design, manufacture, and construction of the injury-causing machine were part of an overall employer policy such that the machine's condition was part of the employer's non-delegable duty to provide a safe workplace, and thus the co-employee was shielded from liability). This policy allows the supervisors to observe the work force and their work habits and "help them with any problems they have."

Defendant did not create the hazardous weather conditions that caused the accident and subsequent injury to Plaintiff. Rather, he was executing his duties as a supervisor as prescribed by his employer. Thus, Defendant's actions constitute a failure to fulfill his duty to implement his employer's duty to provide a reasonably safe work environment. Plaintiff did not allege anything which met the necessary requirement of "something more" than a failure of Defendant to fulfill his duty.

We hold that Defendant is immune from personal liability and that the Commission had original and exclusive jurisdiction over Plaintiff's petition. Thus, we modify the trial court's judgment pursuant to Rule 84.14 to a dismissal for lack of subject matter jurisdiction.[4]

CRANE, P.J. and ROBERT G. DOWD, Jr., J., concur.

---

**4.** Respondent's Motion to Strike Appellant's Attachment A in Appellant's Reply Brief is granted.