William and Katherine TULLMANN,
Plaintiffs–Appellants,

v.

ST. LOUIS SCIENCE CENTER
FOUNDATION, Defendant–
Respondent.

No. ED 77535.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 2, 2001.

Bruce R. Bartlett, St. Louis, MO, for appellant.

Martin J. Buckley, St. Louis, MO, for respondent.

MOONEY, Presiding Judge.

Appellants, William and Katherine Tullmann,[1] appeal the trial court's ruling that Mr. Tullmann was a statutory employee of The St. Louis Science Center ("the Center") when he broke his wrist while working at the Center. According to Mr. Tullmann, the trial court erred in granting the Center's motion to dismiss for lack of subject-matter jurisdiction because: (1) the work performed by Mr. Tullmann was not the Center's usual business as required by the routine/frequent test used to determine if an individual is a statutory employee; (2) even if Mr. Tullmann is a statutory employee the work he was doing is within an exception that if one is erecting, demolishing, altering or repairing improvements, the Center is not his statutory employer; and (3) he was covered by Midwest Woodworking's workers' compensation insurance; therefore, he could not be the Center's statutory employee. Because we decide this appeal based on the first point, we do not address the remaining claims of error.

We reverse and remand.

1. Mrs. Tullmann's claim is for loss of consortium and therefore is derivative of Mr. Tull-

*Facts*

The Center displays science exhibits and attractions for public viewing. On July 6, 1993, Mr. Tullmann was employed by Midwest Woodworking ("Midwest"), one of several contractors used by the Center to help build and tear down exhibits and complete various other projects. Midwest mainly performed carpentry tasks for the Center. Before starting the work of removing an exhibit wall, Mr. Tullmann used the restroom. Upon leaving the restroom, he pushed on the door, his feet slipped, and he fell on the wet floor. Mr. Tullmann underwent surgery to repair his injured wrist, but was unable to work again as a carpenter.

The Center and Midwest operated under no formal agreement or contract for work at the Center. Rather, when the Center needed a job completed, it called Midwest and a work order was drawn up for each particular job. The parties only had a written agreement for major projects, and there was no written agreement for the work that Mr. Tullmann was assigned to do. Mr. and Mrs. Tullmann filed suit for damages under a theory of negligence.

*Analysis*

A motion to dismiss for lack of subject-matter jurisdiction is the proper method to assert that jurisdiction of the claim is vested in the Labor and Industrial Relations Commission ("Commission"). *Collier v. Moore*, 21 S.W.3d 858, 860 (Mo. App. E.D.2000). The motion to dismiss should be granted where it appears, by a preponderance of the evidence, that the trial court lacks subject-matter jurisdiction because the employee is a statutory employee under the Missouri Workers' Compensation Law ("the Act"). *Id.*

Because the determination of whether a case falls within the exclusive

mann's claim.

jurisdiction of the Commission pursuant to the Act is a question of fact, the trial court has discretion in making the decision. *Id.* Therefore, we review the trial court's ruling for an abuse of discretion. *Id.* "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Id.*

■ Mr. Tullmann first argues that the trial court erred in concluding that he is a statutory employee of the Center because the work assigned to Mr. Tullmann was not in the Center's usual business. We agree.

■ Statutory employment exists when three elements are present: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of business of the alleged statutory employer. Section 287.040.1; *Bass v. National Super Markets, Inc.*, 911 S.W.2d 617, 619–620 (Mo. banc 1995). Because the third element is dispositive, we decide the case on that basis.

With respect to the third element required for an individual to be deemed a statutory employee, the Supreme Court of Missouri has defined the "usual business" of the putative employer as "those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement." *Bass,* 911 S.W.2d at 621.

When injured, Mr. Tullmann was at the Center to remove an exhibit wall. Although removing and building exhibits is a routine activity completed at the Center, Midwest and the Center did not have an agreement "contemplating" the work to be performed. Nor was there evidence of "a regular and frequent schedule" of the Center's activities in removing and building exhibits. Instead, the Center only called Midwest sporadically, and Midwest would create a work order for each job that the Center requested it to perform. Furthermore, the requests were to perform different duties including: repairing an exhibit, installing a steel plate to allow a lock to work correctly, reworking existing desks, removing drywall, and modifying counter units to accommodate computer equipment. Therefore, the arrangement between Midwest and the Center does not satisfy the requirements of the "usual business" test that the activities be contemplated in the agreement and scheduled.

Because the Center fails to meet the third element of the statutory employment test, Mr. Tullmann is not a statutory employee. Therefore, the trial court abused its discretion in dismissing this case for lack of subject-matter jurisdiction. We reverse and remand.

SIMON and SULLIVAN, JJ., concur.