Todd NICHOLS, Respondent,

v.

**OVERNIGHT EXPRESS, INC. and Great West Casualty, Appellants.**

**No. WD 64279.**

Missouri Court of Appeals, Western District.

Jan. 25, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 2005.

---

Daniel L. Doyle, Overland Park, KS, for appellants.

Thomas K. Thompson, Liberty, MO, for respondent.

Before: LISA WHITE HARDWICK, P.J., ROBERT G. ULRICH and THOMAS H. NEWTON, JJ.

ROBERT G. ULRICH, Judge.

Overnight Express, Inc. and Great West Casualty appeal an award of workers' compensation benefits to Todd Nichols. Overnight asserts that Mr. Nichols was not a statutory employee under section 287.040 [1] because he was not performing the "usual business" of Overnight on the day he was injured. The Commission's final award is reversed.

### Facts

Todd Nichols was working for Midwest Trailer Repair on March 13, 2003, when he was injured. He and the owner of Midwest, Larry Martel, were repairing the doors of an Overnight trailer on a lot owned by Overnight when one of the 130-pound doors of the trailer fell striking Mr. Nichols' right wrist and landing on his right foot.

Overnight is a trucking company that leases trailers. It has terminals in Illinois, Georgia, and Kansas City, Missouri, and a main terminal in St. Paul, Minnesota. Maintenance for and major repair of the trailers are performed at the St. Paul terminal. No maintenance is performed at any other terminal. For trailers located outside of St. Paul in need of a minor repair or a major repair to make it roadworthy to travel to St. Paul, Overnight hires other companies or individuals. Midwest is one such company used by Overnight for trailer repairs. When a trailer needed repairs, Overnight would contact Midwest, to determine if it was available for the job. If it was not available, Overnight would contact another company or repairman. Midwest prepared an invoice for each job performed for Overnight. Before Mr. Nichols' injury, Midwest performed trailer repairs for Overnight for approximately six months for a total cost for labor and parts of $3500. Some of the repairs performed by Midwest for Overnight during that six-month period included lights, roof leaks, trailer legs, and brakes.

### Standard of Review

Article V, section 18 of the Missouri Constitution provides for judicial review of the Commission's award to determine whether the award is "supported by competent and substantial evidence upon the whole record." Section 287.495.1 further provides that an appellate court reviews only questions of law and may modify, reverse, remand for rehearing, or set aside the award only upon one or more of the following grounds:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

1. All statutory references are to RSMo 2000 unless otherwise indicated.

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

In reviewing an award of the Commission, the reviewing court "must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence." *Chouteau v. Netco Constr.*, 132 S.W.3d 328, 332 (Mo.App. W.D.2004)(quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003)). "Whether a workers' compensation claimant is an employee is a question of law, not a finding of fact, and is subject to correction by an appellate court." *Id.*

### Statutory Employee

■■■ The issue in this case is whether Mr. Nichols worked as a statutory employee of Overnight under section 287.040. Section 287.040.1 provides:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

The purpose of the statute is "to prevent employers from circumventing the requirements of the [Workers' Compensation Law] by hiring independent contractors to perform work the employer would otherwise perform." *Bass v. Nat'l Super Mkts., Inc.*, 911 S.W.2d 617, 619 (Mo. banc 1995), *cert. denied*, 517 U.S. 1208, 116 S.Ct. 1825, 134 L.Ed.2d 930 (1996). The statute must be construed liberally with close cases decided in favor of workers' compensation

coverage. *Id.* at 621. According to section 287.040, statutory employment exists when three elements coexist: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of business of the alleged statutory employer. *Id.* at 619–620.

The first two elements are not at issue in this case. The parties agree that Overnight orally contracted with Mr. Martel to repair its trailer on March 13, 2003, and that Mr. Nichols' injury occurred on Overnight's premises. The third element is the only issue in the case: whether the repair of the trailer was in the usual course of business of Overnight.

■■■ In determining whether the work is within the usual business of the putative employer, the routine/frequent test is applied. *Id.* at 620–21 (the essential/integral test was applied in older cases). Under the test, focus is placed on the routine and frequent nature of the independent contractor's activities rather than whether the activities are essential and integral to the putative employer's business. *Id.* A putative employer's "usual business" as used in section 287.040 is, thus, those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement. *Id.* at 621.

When injured, Mr. Nichols was on a lot owned by Overnight repairing the doors of one of its trailers. While trailer repairs are essential to Overnight's business, they are not routinely done on a regular or frequent schedule. Repairs are performed only as needed. Midwest had performed

some trailer repairs for Overnight in the six-month period before Mr. Nichols' injury; however, Midwest and Overnight did not have an agreement contemplating that Midwest would perform repeated trailer repairs over a short span of time. Instead, Overnight would contact Midwest only when a trailer needed repairs to determine if Midwest was available for the job. If it was, Midwest would perform the repairs and prepare a separate invoice for the job. The work performed by Mr. Nichols was not, therefore, part of the usual business of Overnight. *See e.g. Tullmann v. St. Louis Sci. Ctr. Found.*, 34 S.W.3d 860, 862 (Mo.App. E.D.2001)(where science center only called contractor sporadically to remove or build an exhibit wall, contractor would create a work order for each job, no evidence was presented of a regular and frequent schedule for building or removing exhibit walls, and no agreement existed between science center and contractor contemplating removal of exhibit wall, subcontractor that was hired by contractor to help remove an exhibit wall did not perform usual business of center). Thus, Mr. Nichols was not statutory employee of Overnight.

The Commissions award of workers' compensation benefits to Mr. Nichols is reversed.

HARDWICK, P.J. and NEWTON, J. concur.