James A. LOOPER, Appellant,

v.

Todd Q. CARROLL, Defendant; Scott Hanlan d/b/a Strate Line Construction, Respondent.

No. WD 65837.

Missouri Court of Appeals, Western District.

Sept. 29, 2006.

Rian F. Ankerholz, Esq., Overland Park, KS, Attorney for Appellant.

Michale E. McCausland, Esq., Kansas City, MO, Attorney for Respondent.

Aaron J. Racine, Esq., Kansas City, MO, Attorney for Defendant.

Before: HOWARD, C.J., ELLIS and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

James Looper appeals from the dismissal of his Petition for Damages for lack of subject matter jurisdiction. Looper contends the circuit court erred in determining that he is a "statutory employee" whose exclusive remedy for injuries is under the Workers' Compensation Law. For reasons explained herein, we reverse the dismissal of the petition.

## FACTUAL AND PROCEDURAL HISTORY

On January 22, 1999, Looper was injured while delivering drywall to Todd Carroll's residence, which was undergoing construction. Carroll, as both owner of the home and general contractor of the construction project, had hired Star Drywall as a subcontractor, which in turn hired Arrowhead Drywall Supply (Arrowhead). Arrowhead employed Looper as a truck driver and a deliveryman. Looper was responsible for unloading the drywall from a truck and placing it in different rooms within Carroll's house. While doing so, he was injured when he fell two stories from an unguarded step into a stair well.

Looper filed a Petition for Damages against Carroll, seeking reimbursement for his personal injuries.[1] Carroll filed a Motion for Summary Judgment, claiming as an affirmative defense that Looper was his statutory employee pursuant to Section 287.040(2)[2] and, therefore, Looper's exclusive remedy was under Missouri's Workers' Compensation Law. The circuit court agreed, finding that Looper was more than a mere deliveryman because he had effectuated the first step in the construction of the walls by apportioning the drywall and placing it into the proper rooms of Carroll's residence. The court granted Carroll's motion, treating it as a motion to dismiss for lack of subject matter jurisdiction. Looper appeals.

## STANDARD OF REVIEW

The determination of whether a case falls within the exclusive jurisdiction of the Workers' Compensation Law is one of fact. *Sexton v. Jenkins & Assoc., Inc.,* 41 S.W.3d 1, 4 (Mo.App.2000). When a court's jurisdiction depends on a factual

---

1. Looper had previously been compensated under a Workers' Compensation claim that listed Arrowhead as his employer.

2. All statutory references are to Missouri Revised Statutes 1994, unless otherwise noted.

determination, the decision should be left to the sound discretion of the trial judge. *Id.* Thus, this court's review is for an abuse of discretion. *Id.* " 'The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration.' " *Id.* (quoting *Lohmann v. Norfolk & W. Ry. Co.*, 948 S.W.2d 659, 668 (Mo.App.1997)).

### ANALYSIS

In his sole point on appeal, Looper claims the trial court erred in dismissing his petition for lack of subject matter jurisdiction. Looper argues that he does not qualify as a "statutory employee" under Section 287.040 because his duties as a deliveryman for a material supplier were neither performed as a subcontractor nor in the usual course of Carroll's business. Accordingly, Looper asserts his common law negligence action is not precluded by the Workers' Compensation Law.

■■■ Section 287.040.1 takes away the common law rights of employees for negligence of certain third parties by defining the third parties as statutory employers, even though they are not actual employers.[3] *Huff v. Union Elec. Co.*, 598 S.W.2d 503, 511 (Mo.App.1980). The statute provides:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Section 287.040.1.

■■■ Pursuant to this provision, statutory employment exists when: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of the alleged statutory employer's business.[4] *State ex rel. MSX Int'l, Inc. v. Dolan*, 38 S.W.3d 427, 429 (Mo. banc 2001). If all three elements are found, the statutory employee's exclusive remedy for any job-related injuries is under the Workers' Compensation Law. *Lyon v. J.E. Dunn Constr. Co.*, 693 S.W.2d 169, 171 (Mo.App. 1985). Accordingly, the statute deprives the circuit court of subject matter jurisdiction over the personal injury claim of a statutory employee.[5]

Looper's appeal addresses the first and third elements of the statutory employee test, i.e. whether his work as a drywall deliveryman was performed "under con-

3. The purpose of the statute is " 'to prevent employers from circumventing the requirements of the [Workers' Compensation Law] by hiring independent contractors to perform work the employer would otherwise perform.' " *Nichols v. Overnight Express, Inc.*, 156 S.W.3d 406, 409 (Mo.App.2005) (quoting *Bass v. Nat'l Super Mkts., Inc.*, 911 S.W.2d 617, 619 (Mo. banc 1995)).

4. "Missouri courts have used additional factors to determine whether the above elements have been met: the right of the employer to control the employee, the right of the employ-

er to replace the employee, whether the work was incidental to the business rather than in furtherance of the usual course of business, and whether the work was 'isolated occasional specialty work.' " *Wood v. Procter & Gamble Mfg. Co.*, 787 S.W.2d 816, 819 (Mo.App. 1990).

5. The Missouri Workers' Compensation Law, Chapter 287, vests exclusive jurisdiction over such claims in the Labor and Industrial Relations Commission. *Arnwine v. Trebel*, 195 S.W.3d 467, 470 (Mo.App.2006).

tract" and in the course of Carroll's "usual business." We need only address the third element because it is dispositive.

■ As used in Section 287.040.1, the term "usual business," is defined as "those activities: (1) that are routinely done, (2) on a regular and frequent schedule, (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time, and (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement." *Dolan,* 38 S.W.3d at 429 (quoting *Bass v. Nat'l Super Mkts., Inc.,* 911 S.W.2d 617, 621 (Mo. banc 1995)). Each case is determined on its own particular facts and there is no "litmus paper" test for determining what particular work is within the scope of the usual operation of the business. *Lyon,* 693 S.W.2d at 171.

Facts similar to this case arose in *Lyon,* where the employee of a concrete supplier was injured while delivering concrete on the premises of the general contractor's construction site. The employee was awarded damages on a negligence claim against the general contractor. *Id.* at 170. The general contractor appealed, contending the negligence suit was improper because the concrete deliveryman was his statutory employee. *Id.* The court framed the issue:

> Where a general contractor contracts with a supplier for the sale and delivery of concrete to the site of a building under construction, is the employee of the concrete company, as the actual delivery man, to be considered a statutory employee of the general contractor for the purpose of § 287.040, RSMo?

*Id.* The general contractor argued that his usual business included the "providing of all labor and materials necessary to the construction of commercial buildings, a sig-nificant element of which is concrete." *Id.* at 171. The court disagreed, concluding that the general contractor's usual business did not include concrete delivery and, therefore, the deliveryman was not a statutory employee. *Id.*

More recently, in *Romero v. Kansas City Station Corporation,* 98 S.W.3d 129 (Mo.App.2003), the appeals court reversed the dismissal of a deliveryman's personal injury suit on similar grounds. The injury arose from a slip and fall that occurred while he was delivering linen to a casino. *Id.* at 131–32. The court held that the casino was not a statutory employer because it failed to meet its burden of proving that the deliveryman had been injured in the usual course of the casino's business. *Id.* at 138. Specifically, the casino did not demonstrate that it would have been required to hire permanent employees to make such deliveries if had not contracted with the linen company. *Id.* Thus, the deliveryman was entitled to pursue his personal injury claim under the common law. *Id.*

■ Likewise in the present case, Carroll failed to show that the delivery of drywall occurred in the operation of his usual construction business. The evidence established that Looper was a deliveryman, who was merely moving the drywall from his truck onto the construction site because drywall is susceptible to the elements and cannot be left outside. He acted under no detailed instructions from Carroll as to how to apportion the drywall or into which rooms it should be placed. Carroll presented no evidence that his permanent employees ever performed Looper's work, or that after Looper's injury, he hired permanent employees to do that work. Consequently, there is no basis for finding that Looper was a statutory em-

ployee.[6]

## CONCLUSION

Because Looper was not a statutory employee, the circuit court had jurisdiction over his personal injury suit. The court's dismissal of Looper's Petition for Damages was an abuse of discretion. We reverse and remand.

All concur.

---

**6.** Looper also argues that because Carroll was both the general contractor for the project and the owner of the residence, Section 287.040.2 (formerly 287.040.3) applies. This Section sets forth an exception to the statutory employer provision as to owners of premises where improvements are erected by an independent contractor. *Huff*, 598 S.W.2d at 511. Such owners are not statutory employ-ers and may be held liable for common law negligence by the employees of the independent contractor. *Id.* If there is a close question, the decision should be weighted in favor of retention of the common law right of action. *Id.* Because we find that Looper is not a statutory employee on other grounds, we need not address this issue.